HAMLIN, Justice.
 

 In the exercise of our supervisory jurisdiction (Art. VII, Sec. 10, La.Const. of 1921) we directed Writs of Certiorari, Mandamus, and Prohibition to the Criminal District Court for the Parish of Orleans, in order that we might review its judgment which made peremptory the instant Writ of Plabeas Corpus issued out of said court, set aside the conviction and sentence of the defendant, and ordered defendant released from the House of Detention.
 

 The record reflects that Emanuel Cook, seventeen years of age, was allegedly arrested on the night of August 7, 1966. On August 8, 1966, defendant and five other boys ranging in age between seventeen and eighteen were charged by affidavits filed in the Second Municipal Court, City of New Orleans, Parish of Orleans, State of Louisiana, with violating Ordinance No. 828 M.C.S., Section 42-24,
 
 [1]
 
 relative to assault on complainant Peter Porretto at about 9:20 P.M. on Sunday, August 7, 1966.
 

 After stating that he pleaded not guilty to the above charge and was ready to stand
 
 *823
 
 trial, defendant was tried and found guilty-on August 8, 1966, and on
 
 the
 
 same day was sentenced to serve ninety days in the House of Detention. (The five other boys made statements identical to that made by defendant; two received sentences identical to defendant’s sentence and charges against the other three were dismissed.)
 

 On August 10, 1966, defendant, through counsel, prayed for a new trial. The record does not reflect what disposition was made of the motion, but the brief of the City of New Orleans contains an affidavit of the Honorable Andrew G. Búcaro, Judge of the Second Municipal Court, in which he states:
 

 “That Judge Andrew G. Búcaro ruled in open Court that the motion for a new trial was not timely filed inasmuch as the time that Attorney George C. Ehmig filed the motion for a new trial was more than thirty-six hours after the sentencing of Emanuel Cook, and as a result Judge Andrew G. Búcaro had been divested of jurisdiction in the case because it was more than thirty-six hours since sentencing of Emanuel Cook.”
 

 On August 16, 1966, Odey Cook, as parent and guardian of the minor Emanuel Cook, applied to the Criminal District Court for the Parish of Orleans for a Writ of Habeas Corpus, alleging in part:
 

 “I. That the said Emanuel Cook is presently being held a prisoner by Hon. Harold E. Theard, in his capacity as warden of the House of Detention, City of New Orleans, State of Louisiana, by authority of sentence of the First [Second] Municipal Court, Hon. Andrew G. Búcaro, Judge, presiding;
 

 “II. That the said imprisonment is illegal and in violation of the Constitutions and Laws of the United States of America and the State of Louisiana, for the following reasons:
 

 “The said Emanuel Cook was arrested by the New Orleans Police Department during the night of August 7, 1966, and taken to the Sixth District Jail in the City of New Orleans, where he was held, in communicado, from the time of his arrest until 1:00 o’clock
 
 in the
 
 P.M. of August 8, 1966, at which time he was transported to the First [Second] Municipal Court and arraigned; that the said Emanuel Cook did then and there enter a plea of Not Guilty to the charges against him, and was immediately placed on trial under said charges;
 

 “HI. That the Hon. Andrew G. Búcaro, Judge, did then and there pronounce the said Emanuel Cook to be guilty of the charges against him, and did immediately sentence him to a term of Ninety (90) Days in the House of Detention ;
 

 “IV.
 
 That the said Emanuel Cook, because of being held in communicado from the time of his arrest, through his arraignment, and trial, and time of the met
 
 *825
 
 ing out of sentence by the Court, was deprived of his right to seek and obtain counsel;
 

 “V. That, therefore, the said Emanuel Cook was deprived of another right guaranteed to him by the Constitutions and Laws of the United States of America and the State of Louisiana, in that he was not afforded time to prepare and present his own defense, nor was he able to properly cross-examine the witnesses against him;
 

 “VI. That the said Emanual Cook was also deprived of rights guaranteed to him by the Constitutions and Laws of the United States of America and the State of Louisiana by operation of Louisiana Revised Statutes, 13:2498(C), which provides that ‘No appeals shall be taken except when taken on the day of Sentence.’ There having been no delay between the time of the verdict of guilty and the sentence, Emanuel Cook was deprived of the opportunity to seek and obtain counsel to perfect the said appeal and, therefore, Emanuel Cook’s right to appeal was, constructively, denied him;
 

 “VII. That the arrest, conviction and sentence of Emanuel Cook took place in such a fashion as to deprive him of the following fundamental rights guaranteed to him by the Constitutions and Laws of the United States of America and the State of Louisiana, to-wit: 1) The right to communicate after arrest; 2) The right to have counsel present and advising him at the time of his being questioned; 3) The right to legal counsel throughout his arrest, trial and conviction; 4) The opportunity to prepare and present his defense; S) The right and opportunity to crossexamine the witnesses against him; and 6) The fundamental right to appeal the decisions of the trying tribunal;
 

 “VIII. That the said Emanuel Cook is not guilty of the charges for which he was arrested, tried and convicted.”
 

 The Writ of Habeas Corpus issued, accompanied by an order directed to Captain Harold E. Theard to show cause on August 19, 1966, why he was holding the defendant. The Criminal District Court for the Parish of Orleans rendered the instant judgment, for which the following reasons were assigned :
 

 “The defendant, Emanuel Cook, through his mother, Odey Cook, applied to this Court for Writ of Habeas Corpus on the ground he was illegally convicted in the Municipal Court and sentenced to the House of Detention for a period of ninety days.
 

 “There are several grounds alleged in the application for the writ.
 
 However, the Court is of the opinion that the defendant’s constitutional rights were violated inasmuch
 
 as it is alleged
 
 that he requested time to obtain an attorney, that the trial court proceeded to try the matter without first having determined whether
 
 *827
 
 or not the defendant- wanted an attorney or if he could not afford to pay an attorney, to appoint an attorney to represent him. After the trial of the case the Court immediately sentenced the defendant without giving him an opportunity to file a motion for new trial, to obtain counsel to take an appeal from said judgment if he so desired.
 

 “The City of New Orleans did not file ■-an answer for the City to the application for a writ of habeas corpus, nor did they file an answer to the writ itself, but merely stated verbally what counsel’s understanding of the proceedings was and what transpired in the Municipal Court.
 

 “There are no minutes of the Municipal •Court filed in this court
 
 and there is no way for this court to determine just what ■did transpire in the lower court, except through petition of the defendant, Emanuel Cook.
 

 “For the above reasons the Court maintains the writ of habeas corpus and orders the release of the defendant, Emanuel Cook.” (Emphasis ours.)
 

 Evidence was neither heard nor taken when the rule to show cause was heard in the Criminal District Court.
 

 “At the time and place fixed in the writ for the return thereof, the judge shall proceed summarily to hear such legal 'evidence and reasons as may be adduced, as well by the party, confined as by the party confining, and shall, after a full and.fair hearing, discharge or refuse to discharge the relator from custody, as the justice of the case may require.” LSA-R.S. 15:134.
 

 “At the hearing of the return, the relator shall have the right, by legal evidence, to controvert or disprove any material fact or matter set forth in the return, and to prove any fact showing either that his imprisonment or detention is unlawful or that he is entitled to his discharge.” LSA-R.S. 15:135.
 

 Counsel for the City of New Orleans contends that the Sixth Amendment’s (U.S. Constitution) right-to-counsel doctrine in “serious felonies,” extended to state courts by the due process clause of the Fourteenth Amendment in the case of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, does not apply to violations of Municipal Ordinances of the City of New Orleans, State of Louisiana.
 

 Counsel for defendant contends that the judgment of the Criminal District Court for the Parish- of Orleans should be affirmed.
 

 The question posed is whether defendant suffered a deprivation of alleged constitutional rights in the Second Municipal Court. Cf. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; Tehan v. United States,
 
 *829
 
 etc., 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453; Commissioner of Internal Revenue v. Tellier, 383 U.S. 687, 86 S.Ct. 1118, 16 L.Ed.2d 185; Westbrook v. Arizona, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429; Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.
 

 Defendant was charged with the violation of a municipal ordinance. He was tried, found guilty, and sentenced in a municipal court. In the very recent case of City of New Orleans v. Adjmi, 249 La. 346, 186 So.2d 616, we held that those charged with ■violating municipal ordinances are not entitled to the same constitutional protection as those charged under state statutes. We stated, “The reason is that violations of municipal ordinances are not, usually and properly, regarded as crimes, and trials for violations of municipal ordinances are not regarded as criminal prosecutions.” We concluded with the well established rule that “violations of municipal ordinances are not to be regarded in the same manner as violations of state criminal laws.”
 

 The case of Winters v. Beck (Arkansas Supreme Court), 397 S.W.2d 364, rehearing denied January 24, 1966, involved the identical legal issue herein presented.
 
 [2]
 
 The Arkansas Supreme Court held that. Gideon v. Wainwright, supra, was not applicable to a prosecution under a Little
 
 *831
 
 Rock municipal ordinance in a Little Rock municipal court, and that in such a prosecution the services of an attorney were not required at all. The United States Supreme Court on Monday, October 17, 1966, denied the petition for a Writ of Certiorari.
 

 In the instant case, it has not been shown by competent and legal evidence that defendant was held incommunicado and thus unable to secure counsel. However, taking the allegations of the petition for Writ of Habeas Corpus, supra, as true, we conclude that defendant was not deprived of any constitutional rights to which he is entitled under the Constitution of the United States and the Constitution of Louisiana. Our appreciation of the rulings of the United States Supreme Court is that the provision of the Sixth Amendment guaranteeing an accused the assistance of counsel for his defense is not extended under due process (Fourteenth Amendment) to an accused charged with the violation of a municipal ordinance and tried in a municipal court.
 

 For the reasons assigned, the writs herein issued are made peremptory. The judgment of the Criminal District Court for the Parish of Orleans is reversed and set aside, and the judgment of the Second Municipal Court, City of New Orleans, Parish of Orleans, is reinstated.
 

 [1]
 

 . Sec. 42-24, Disturbing Public Peace, provides: “No person shall disturb the public peace by assaulting or beating another or by threatening to do bodily harm to another.”
 

 [2]
 

 . “Oil the loth clay of May, 1965, petitioner, Robert Winters, was convicted in the Little Rock Municipal Court of immorality, a misdemeanor under the provisions of Little Rock Ordinance 25-121. Ilis punishment was fixed at 30 days in jail and a fine of $254.00, which included the costs. He has filed a petition for a Writ of Habeas Corpus, or alternatively for a Writ of Error Coram Nobis. He alleges that he is indigent and did not have benefit of counsel at Ills trial in the Municipal Court. lie also states that he has sought post conviction relief, to no avail, in both the Little Rock Municipal Court and in the I’ulaski Circuit Court.
 

 “In his petition here, petitioner alleges that his constitutional rights were violated because no lawyer was appointed to defend him on the misdemeanor charge in Little Rock Municipal Court. When his case was called for trial, he did not indicate that he wanted an attorney and he did not ask that the case be continued. We have hold that no duty is imposed upon the trial court to appoint counsel for a defendant charged with a misdemeanor. Kirkwood v. State, 199 Ark. 879, 136 S.W.2d 174; Wimberly v. State, 214 Ark. 930, 218 S.W.2d 730.
 

 “On the strength of Ark.Stat.Ann. § 43-1203 (Repl.1964), the courts of this State have always appointed attorneys to represent indigent defendants in felony cases. Thousands of misdemeanor cases are tried in the Municipal Courts of Pulaski County annually. In most of these cases the defendants are not represented by counsel. But petitioner contends that on the strength of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, it is now the duty of the courts to appoint attorneys for indigents in misdemeanor eases. We do not so construe-Wainwright. There, the court was dealing with a felony ease where the defendant had been sentenced to five years in the penitentiary. Here, the petitioner, Winters, had 30 days to take an appeal to the Circuit Court. He did not appeal, although the procedure for appealing from the Municipal Court is very simple. The-services of an attorney are not required at all.
 

 “Petition denied.”