## CITY OF WEST PALM BEACH v. WHITE.
### No. 66-L-1441.

Circuit Court, Palm Beach County, Criminal Appeal.

May 9, 1967.

A. Kenneth Pincourt, Jr., West Palm Beach, for appellant.

Allan V. Everard, City Prosecutor, West Palm Beach, for appellee.

JAMES R. KNOTT, Circuit Judge.

This is an appeal from the municipal court in West Palm Beach. The facts are not in dispute, and are set forth in appellant's brief as follows —

The appellant, defendant below, was arrested by the appellee, City of West Palm Beach below, on the 22nd day of August, 1966, and charged with driving a vehicle while under the influence of alcoholic

beverages to the extent that his normal faculties were impaired, contrary to the ordinances of the City of West Palm Beach. Appellant, subsequent to the arrest, was taken to the West Palm Beach police station where he was questioned at length by officers of the appellee's police department. The arresting officer at the scene of the arrest testified that he advised the defendant that anything he said after his arrest "would be used against him." Said arresting officer testified that he at no time advised the appellant that he had a right to consult with or be represented by an attorney. Prior to commencing in-custodial interrogation the interrogating officer advised the appellant that anything that appellant said or did would be used against him in court, that he did not have to say anything and that he did not have to do anything. The interrogating officer testified that he did not advise the appellant at any time prior to in-custodial interrogation, or subsequent thereto, that the appellant had a right to be represented by an attorney or consult with an attorney. At the trial the interrogating officer testified as to physical tests conducted by and with the cooperation of the appellant and as to numerous admissions made by the appellant in response to questioning by the interrogating officer. At the trial the appellant objected to testimony by the interrogating officer as to admissions made by the appellant as well as to testimony respecting the physical tests in which the appellant physically and orally cooperated. Notwithstanding said objections, said testimony was allowed. The appellant thereafter was convicted of driving a vehicle while under the influence of alcoholic beverages to the extent that his normal faculties were impaired.

Based upon the testimony received the appellant was convicted of the offense charged and it is from the judgment and conviction of the Municipal Court of the City of West Palm Beach that appellant prosecutes this appeal.

The question presented is whether appellant suffered a deprivation of his alleged constitutional rights in the municipal court of the city of West Palm Beach. Cf. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; Tehan v. United States, etc., 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453; Commissioner of Internal Revenue v. Tellier, 383 U.S. 687, 86 S.Ct. 1118, 16 L.Ed.2d 185; Westbrook v. Arizona, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429; Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

The appellant urges that he was denied due process of law when at his trial admissions were admitted into evidence over his objection notwithstanding the fact that at no time was the appellant advised that he had a right to consult with an attorney of his choice.

The court is of the opinion that the appellant was not deprived of any constitutional rights to which he is entitled under the constitution of the United States and the constitution of Florida.

The court's understanding of the rulings of the United States Supreme Court is that the provision of the sixth amendment guaranteeing an accused the assistance of counsel is not extended under due process (fourteenth amendment) to an accused charged with violation of a municipal ordinance and tried in a municipal court. See City of New Orleans v. Cook, 249 La. 820, 191 So.2d 634.

The court finding no error in the record, the judgment and sentence of the trial court are hereby affirmed.