TATE, Justice.
On application of the State, we granted certiorari (256 La. 354, 236 So.2d 495) to review a ruling of the Criminal District Court, Orleans Parish, which had sustained a motion to suppress certain evidence as unconstitutionally seized. The defense contention so upheld was that the evidence was seized through use of an invalid search warrant and one, moreover, which issued without probable cause.
The present prosecution in state district court is for violation of the state statute (La.R.S. 14:90) providing for the punishment of gambling as a crime. ' The evidence suppressed is certain gambling paraphernalia seized pursuant to a search warrant issued by the Municipal Court of New Orleans. The search warrant was obtained to search for and seize evidence relating to violation of the state gambling statute and a municipal ordinance to the same effect.
The principal issue is raised by the trial court ruling that a judge of the Municipal Court has no jurisdiction to issue a search warrant for a prosecution of a state crime in state district court. This trial ruling is plainly erroneous.
Under La.Code Crim.P. Art. 161, "A judge may issue a warrant authorizing the search for and seizure of * * * criminal evidence within the territorial jurisdiction of the court * * Within the meaning of the Code, a “judge” is a judge of a court “with criminal jurisdiction”, excluding mayors and justices of -the peace. Art. *993 931.[1] This code article and its official revision comment specifically note that “courts” include city courts (meaning “a city, town, village or other municipal court”) with criminal jurisdiction.
The Municipal Court of New Orleans is created by Article VII, Section 94, La. Constitution (1921, as amended in 1948). Its jurisdiction extends to the “trial[2] of offenses” 'against municipal ordinances of New Orleans. The contention is made that a judge of such a court does not serve a court .“of-criminal jurisdiction”., (as required under the code articles cited, which authorize issuance of search warrants) because violations of municipal ordinances are not “crimes”.
This argument, is founded upon this court’s decisions in City of New Orleans v. Cook, 249 La. 820, 191 So.2d 634 (1966) and City of New Orleans v. Adjmi, 246 La. 346, 186 So.2d 616 (1966). Therein we held that, for certain purposes, prosecutions for violations of municipal ordinances are not criminal prosecutions so as to entitle the defendants in the former to the same constitutional protections as are afforded those in prosecutions for crimes.
Whatever the validity of.these holdings, they are not pertinent to the present inquiry. We are here construing-the Code of Criminal Procedure of 1966 and; ascertaining the intent expressed by this comprehensive enactment as' to . whether The- Municipal Court of New ’ Orleans is regulated - by it and as to whether such court is among those authorized by this Code to issue search warrant?. The issues involved in the cited decisions are therefore not before us, nor (under our *995 construction of this code) is any application or interpretation of La.R.S. 14:7[3] relied upon in the rationale of these decisions.
As the earlier discussion points out, the technical issue of statutory construction before us requires us to determine whether the Municipal Court is a “court with criminal jurisdiction” within the meaning of the code. If so, a judge of that court is empowered to issue a warrant for the search and seizure of criminal evidence within his territorial jurisdiction. La.Code Crim. P. Arts. 161, 931, above discussed. (In this regard, we note that, if so, the judge’s authority is not limited to issue search warrants relative to offenses which he has jurisdiction to try; he may authorize search for “any thing” subject to seizure by any court under Article 161.[4])
The Code throughout regulates criminal proceedings relating to “offenses”, including such pre-trial matters as search warrants (Article 161), arrest warrants (Article 203), bail (Article 312), and the method of instituting criminal prosecutions (Article 382). “Offenses” are defined to include “the violation of an ordinance providing a penal sanction”, Article 933. The term “city court” used throughout the Code specifically includes all municipal courts. Article 931; cf., e. g., Article 382, Official Revision Comment (c)[5].
The code as a whole thus shows that it was intended to apply to all city or municipal courts having jurisdiction of criminal “offenses”. As used in the code, — excepting mayors and justice of the peace courts — a court “with criminal jurisdiction” is one with jurisdiction over the prosecution of felonies and misdemeanors, the latter term including violations of ordinances with penal sanctions. Articles 931, 933.
*997 Such courts, including city courts, are specifically authorized to issue search warrants by Article 161 of the code. Therefore, we find irrelevant the circumstance that Article 15 states that the Code regulates “prosecutions” in city courts, omitting any statement that it regulates also “proceedings” in such courts, a broader term more specifically including pre-trial matters such as search warrants, see Comment (b), Article 15. We reject the defendant-appellant’s argument that such omission indicates any legislative intent to deprive city courts of their authority with regard to such pre-trial matters as search warrants.
We conclude therefore, that the Municipal Court of New Orleans is a “court with criminal jurisdiction” within the meaning of the Code of Criminal Procedure. A “judge” (Article 931) thereof is expressly authorized to issue search warrants by Article 161 of such code. The present trial court was in error to hold otherwise.
The trial court likewise erred in stating, without assigned reason, that the present search warrant should not have issued on the affidavit herein.
The detailed affidavit by a police officer presented specific information, some received from an informant proven reliable in the past, and some based upon his personal observation, which indicated that the defendant was operating an illegal handbook at a given address. The affidavit then requested issuance of a warrant for the purpose of searching for and seizing" illegal gambling paraphernalia at these premises.
The affidavit meets the statutory (La. Code Crim.P. Art. 162) and constitutional (State v. O’Brien, 255 La. 704, 232 So.2d 484, 1970; Spinelli v. United States, 393 U.S. 410, 89 S.Ct 584, 21 L.Ed.2d 637 1969) tests of validity.
For the reasons assigned, therefore, we reverse the trial court ruling which sustained the defendant’s motion to suppress the evidence as improperly seized. We remand this case to such court for further proceedings consistent with the views expressed herein.
Criminal District Court reversed: motion to suppress overruled: case remanded for trial.

. La.Code Crim.P. Art. 931 in full provides :
“Except where the context clearly indicates otherwise, as used in this Code: “(1) ‘Court’ means a court with criminal .jurisdiction or its judge. It does not include a mayor’s court or a justice of the peace.
“ (2) ‘City court’ means a city, town, village, or other municipal court, with criminal jurisdiction. It does not include a maydr’s court of a justice of the peace.
“(3) ‘Judge’ means a judge of a court, as defined in this article.
“(4) ‘Magistrate’ means any judge, a justice of the peace, or a mayor of a mayor’s court.”

. Counsel makes some effort to suggest the Municipal Court has jurisdiction (only) to “try” prosecutions for municipal ordinances, hut is without jurisdiction to exercise any other powers with regard to such prosecutions. However, the term' “trial” is probably used in Section 94 in its general sense of denoting jurisdiction as well as to entertain incidental steps in the investigation and decision of a matter, i. e., in the judicial examination of the issues, not merely to' hold a' hearing On the merits in open court. See, e. g., 88 C.J.S. Trial § 1. Thus, similarly, La. Constitution, Section 83, provides that “The Criminal District Court for the Parish of Orleans shall have exclusive jurisdiction of the trial and punishment of all crimes”, etc., committed in Orleans Parish. In any event, no provision in the state constitution prohibits the grant of search-warrant powers to the Municipal Court in addition to its constitutionally-granted power to try cases, as wo here hold was done by the Louisiana Code of Criminal Procedure, Article 161.

. La.R.S. 14:7: “A crime is that conduct which is defined as criminal in this Code [i. e., the Criminal Code of 1942], or in other acts of the legislature, or in the constitution of this state.”

. Article 161 provides :
“A judge may issue a warrant authorizing the search for and seizure of any thing within the territorial jurisdiction of the court which:
“(1) Has been the subject of theft;
“(2) Is intended for use or has been used as a means of committing an offense ; or
“(3) May constitute evidence tending to prove the commission of an offense.
“A judge may also issue a search warrant in all other cases specifically provided by law. A justice of the peace may issue a search warrant only in those cases specifically provided by law.”

.Article 382 specifically refers to the institution of prosecution by affidavit in “city courts”. Official Revision Comment (c) specifically notes that the “recorders’ courts” referred to in Art. 2 of the 1928 Code of Criminal Procedure are included in this definition, “since they are city courts with criminal jurisdiction.” The recorders’ courts there referred to were created by Art. VII, Section 94, La.Constitution of 1921, which by the 1948 amendment of such article became the Municipal Court of New Orleans.