390 So.2d 1262 (1980)
STATE of Louisiana
v.
Benjamin RAMOS.
No. 67344.
Supreme Court of Louisiana.
October 6, 1980.
Rehearing Denied December 15, 1980.
*1263 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., David R. Paddison, Louise S. Korns, John L. A. Lenfant, IV, Asst. Dist. Attys., New Orleans, for plaintiff-appellee.
William P. Schuler, New Orleans, for defendant-appellant.
DENNIS, Justice.
Defendant was charged and convicted of attempted first degree murder in violation of La.R.S. 14:27 and 14:30. He was sentenced to serve twenty years at hard labor. He now raises seven assignments of error. We find none of his assignments meritorious and accordingly affirm his conviction. However, because of the trial judge's failure to state for the record the considerations and the basis for the imposition of the sentence in accordance with La.C.Cr.P. art. 894.1(6) we must set aside the sentence and remand the case for resentencing.
On January 17, 1978, a uniformed private security officer entered the Crystal Restaurant in New Orleans and was informed by one of the waitresses that the defendant, an occasional customer, was armed with a gun. The officer requested the defendant, Benjamin Ramos, to accompany him outside. The state witnesses testified that once outside, the defendant pulled a gun on the officer. The defendant, after initially misfiring, allegedly shot first at the officer who thereupon returned fire wounding the defendant. The defendant testified that he was never armed and was shot by the officer without provocation. The testimony of all the other witnesses supported the officer's version of what transpired. Two guns were recovered by the police who were soon on the scene, and the other physical evidence also supported the state's case.
The defendant raises three assignments of error regarding the allegedly improper selection of the petit jury venire. He first contends that Article 784 of the Code of Criminal Procedure was violated in that the selection of the petit jury venire did not take place in open court. Secondly, if the prosecution complied with Article 784, he challenges that article's constitutionality on several grounds. Thirdly, he contends that his right to be present when the jury was "called" under Article 831(3) was violated. We decline to reach the merits of his three objections to the manner in which the petit jury venire was chosen because he failed to object timely. The proper procedural vehicle for alleging that the petit jury was improperly drawn is the motion to quash. La.C.Cr.P. art. 532(9). State v. Collins, 359 So.2d 174 (La.1979); State v. Durr, 343 So.2d 1004 (La.1977). Such objections can not be raised by a motion in arrest of judgment nor for the first time upon appeal. These assignments lack merit.
The defendant complains in assignment number four that he was not allowed to testify regarding his prior convictions on direct examination. Since the defendant was the sole defense witness, his testimony and credibility were vitally important to his case. His counsel attempted to have the defendant forthrightly admit his prior convictions to lessen the probable negative impact such revelations would have on cross-examination by the state. The state's objection that the defense attorney was impeaching his own witness in violation of La.R.S. 15:487 was sustained by the trial *1264 judge. Clearly this was not an attempt to impeach the defendant's credibility, just the opposite. Surely, the defense hoped that this forthright volunteering of damaging information would indirectly bolster the defendant's credibility in the eyes of the jury. A more appropriate statutory basis for the state's objection is La.R.S. 15:484-testimony to establish the credibility of a witness is not admissible until that credibility has been attacked. Even assuming that the trial judge erred in sustaining the state's objection, however, no substantial rights of the accused were affected. La.C.Cr.P. art. 921. This assignment lacks merit.
The defendant in assignment number five complains of prejudice suffered due to the prosecutor's reference to his convictions for municipal offenses. The defendant admitted that he had been in municipal court "for tickets and being drunk." The record does not indicate a contemporaneous objection by the defense, but defense counsel maintains that he did object and that the trial judge sustained the objection. It does not appear that the defendant has a valid complaint since the court ruled in his favor and no request for an admonition or mistrial was made. The trial judge was clearly correct in curbing the state's inquiry into municipal offenses. A municipal offense is not a crime within the meaning of La.R.S. 15:495, which provides that "[e]vidence of conviction of crime" is admissible for impeachment of a witness's credibility under prescribed circumstances. Crime is defined in La.R.S. 14:7 as "that conduct which is defined as criminal in this Code, or in other acts of the legislature, or in the constitution of this state." It was intended to exclude from the designation "crime" all offenses established by municipal ordinances. See Reporter's comment, L.S.A.-R.S. 14:7. This assignment lacks merit.
In assignment number six, the defendant argues that the court erred in not reducing its charge to writing and refusing to give the requested instruction on circumstantial evidence. The defense timely filed a motion for written charges. The minutes reflect that the judge ordered the charge to be taken by the court reporter. Article 801 of the Code of Criminal Procedure contains mandatory language giving the court no discretion to deny a timely request for written charges. There is nothing in the record, however, to show that the judge did not accede to the defense counsel's request to reduce the charges to writing or that a copy of the charges were not timely delivered to the defense. Further, there was no objection by the defendant to any alleged denial by the court. Neither was there an objection to the content of the charges ultimately given to the jury. We decline to presume whether the trial judge failed to comply with the requirement of Article 801 in the absence of supporting evidence in the record or allegation of possible prejudice to the defendant.
As to the defendant's assignment that his request for special charges was denied, we find that it too lacks merit. The minutes show that both requests for special charges by the defense were granted. Again the defendant failed to object to the court's charges nor does he now contend that the court's instruction in any way misstated the law. This assignment is meritless.
Lastly, the defendant alleges that the trial judge failed to follow the sentencing guidelines of La.C.Cr.P. art. 894.1, and in so doing, imposed an excessive sentence. The defendant was sentenced to twenty years at hard labor. The maximum sentence for attempted first degree murder is fifty years at hard labor. La.R.S. 14:27. The defendant had a prior criminal record. While the sentence does not appear to be manifestly excessive, we are unable to review the defendant's argument fully because of the trial judge's failure to articulate for the record his reasons for imposing the sentence. Article 894.1(C) (Supp.1977) entitles the defendant to such an articulation and represents a legislative attempt to guide the trial judge in thoughtfully imposing an appropriate sentence under the facts and circumstances of the particular case. See State v. Ortego, 382 So.2d 921 (La. 1980). Also this serves as an important aid *1265 to this Court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Sepulvado, 367 So.2d 762, 769 (La.1979). We must remand for the trial court's resentencing and articulation under Article 894.1.

Decree
Accordingly, defendant's conviction is affirmed, but the sentence imposed is vacated and set aside, and the case is remanded to the district court with instruction to the trial judge to resentence defendant in accordance with Article 894.1.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.
CALOGERO, J., concurs; would simply affirm the conviction and sentence.