446 So.2d 1371 (1984)
STATE of Louisiana
v.
Oris JOHNSON.
No. 83 KA 0910.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
Writ Denied April 23, 1984.
*1372 Ossie B. Brown, Dist. Atty., by Jesse Bankston, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
M. Michele Fournet, Appellate Counsel, Asst. Public Defender, Baton Rouge, for defendant-appellant.
*1373 Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
This is an appeal by defendant of his conviction and sentence for armed robbery.
Defendant, Oris Johnson, Jr., was charged by bill of information with having committed armed robbery in violation of La.R.S. 14:64. After pleading not guilty, defendant was tried by a jury and found guilty as charged. The trial judge sentenced defendant to ten (10) years at hard labor without benefit of probation, parole or suspension of sentence. Defendant now appeals his conviction and sentence, alleging thirteen assignments of error.

FACTS
Michael Harrell was a night security guard for a commercial building. His job was to keep loiterers away during the night hours. Harrell's employer furnished him with a gun, which he picked up when he went to work and returned when he left. The employer kept the gun loaded. While making his rounds of the exterior of the building during the early hours of October 19, 1982, Harrell encountered defendant at a corner of the parking lot. It was about 1:00 a.m. Harrell approached defendant and told him he had to leave the premises. Defendant questioned Harrell about the whereabouts of defendant's cousin who, defendant said, worked at the same job. Harrell replied that he did not know defendant's cousin. After about thirty minutes, defendant and Harrell drove off in Harrell's car. Harrell was let out of his car on a main thoroughfare. He then called police and reported that he had been robbed of about $80.00 in cash, his car, a gun and a portable television. Harrell's car was found some four weeks later. The gun and portable t.v. were never recovered.
At trial Harrell testified that a short time after defendant first spoke to him defendant pushed him against a company van on the parking lot, took the gun from his pocket and forced him to enter his own car at gun point. Defendant went around the car to the driver's seat. While holding the gun to Harrell's head, defendant robbed him of all his money and then drove to a house where he spoke quietly with someone while seated in the driver's seat of the car still holding the gun to Harrell's head. Then defendant drove away, stopped at Baton Rouge High School and ordered Harrell out of the car. Harrell immediately called the police.
Defendant testified that after Harrell explained he did not know defendant's cousin, he and Harrell chatted together for about 30 minutes. Harrell offered to take defendant to get some beer. They both entered Harrell's car, and Harrell drove them to a convenience store where they purchased beer. They then returned to the site of Harrell's job and consumed the beer. They then drove to the house of a friend of defendant where defendant got out of the car and spoke to his friend.[1] Harrell remained seated in the car with the engine running. When defendant re-entered the car, they returned to Harrell's job site. While still in the car Harrell made homosexual overtures to defendant. Defendant got out of the car, slammed the door and walked home. About three hours later, the police, accompanied by Harrell, arrested defendant at his home.

ASSIGNMENTS OF ERROR
Assignments no. 1, 2, 3, 4, 5, 6, 8, 10, 11 were not briefed nor argued. Therefore, these assignments of error are considered abandoned. Rule 2.12-4, Uniform RulesCourts of Appeal, State of Louisiana; State v. Trevathan, 432 So.2d 355 (La.App. 1st Cir.1983), writ denied, 437 So.2d 1141 (La.1983).
ASSIGNMENT OF ERROR NO. 7:
Defendant contends that the trial court erred when it refused to sustain defendant's motion for mistrial based upon the prosecution's mention of defendant's prior municipal conviction. In attempting to impeach *1374 defendant's testimony the state asked defendant whether he had pled guilty to the municipal charge of "failing to leave the premises". Defense counsel objected on the grounds that a conviction of a municipal offense is not admissible for the impeachment of a witness and cited State v. Ramos, 390 So.2d 1262 (La.1980). Defendant's objection was sustained. Defense counsel then moved for a mistrial. At that point the trial judge admonished the jury to disregard the prosecutor's question and denied defendant's motion for a mistrial.
Impeachment of a witness by evidence of the witness's conviction of a municipal offense is not permitted because a municipal offense is not a crime. In Ramos, 390 So.2d at 1264, appears the following:
A municipal offense is not a crime within the meaning of La.R.S. 15:495, which provides that "(e)vidence of conviction of crime" is admissible for impeachment of a witness's credibility under prescribed circumstances. Crime is defined in La. R.S. 14:7 as "that conduct which is defined as criminal in this Code, or in other acts of the legislature, or in the constitution of this state." It was intended to exclude from the designation "crime" all offenses established by municipal ordinances. See Reporter's comment, L.S.A.-R.S. 14:7.
Since reference to the municipal offense conviction was inadmissible defendant argues that a mandatory mistrial should have been granted under La.C.Cr.P. art. 770(2)[2]. That article prohibits reference by a judge, a district attorney, or a court official to other crimes by the defendant as to which evidence is not admissible under penalty of mandatory mistrial. Reference to a conviction for a municipal offense is not reference to "another crime" for the same reason that a municipal offense is not a crime for purposes of impeachment. Consequently, the error of attempting to impeach by evidence of conviction of a municipal offense was properly cured by the trial judge by sustaining the objection and admonishing the jury.[3] This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 12
Defendant contends that the sentence imposed by the trial court is excessive, arguing that the use of defendant's arrests as well as convictions under the guidelines set forth in La.C.Cr.P. art. 894.1(B)(7) is in direct conflict with La.R.S. 15:495 which forbids the use of arrests for impeachment purposes during trial.
*1375 Generally, a sentence is excessive if it is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Parkerson, 415 So.2d 187 (La.1982). Prior criminal activity which the court may consider when sentencing a defendant is not limited to prior convictions. State v. Marchese, 430 So.2d 1303 (La.App. 1st Cir. 1983); State v. Williams, 412 So.2d 1327 (La.1982); State v. Burns, 441 So.2d 1294 (La.App. 1st Cir.1983). The trial court is given wide discretion in the imposition of sentences within statutory limits, and a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion. Marchese, 430 So.2d at 1308.
Our examination of the record reveals that the trial judge when sentencing defendant considered the guidelines of La. C.Cr.P. art. 894.1, noting that defendant has a significant history of prior criminal activity, including numerous arrests and several convictions. Moreover, defendant is a second felony offender and not eligible for probation, and the penalty provisions for armed robbery mandate defendant's sentence to be without probation, parole or suspension of sentence.
There is no conflict between La.R.S. 15:495 and La.C.Cr.P. art. 894.1(B)(7). La. R.S. 15:495 applies to conduct at trial where guilt is the issue. La.C.Cr.P. art. 894.1(B)(7) applies to sentencing a criminal offender after guilt is determined.
There is no merit to this assignment of error.
ASSIGNMENT OF ERROR NO. 13:
Defendant complains that the evidence presented at trial is contrary to the law and/or the evidence and insufficient to support a verdict of guilty of armed robbery. He argues that the state failed to prove that a dangerous weapon was used at the time of the alleged offense and also failed to prove the offense was committed with the intent to commit theft.
When reviewing the sufficiency of evidence, it must be determined whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). Where there is conflicting testimony as to factual matters the resolution of which depends on a determination of the credibility of the witnesses, this is a matter of the weight of the evidence, not its sufficiency. Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); State v. Kent, 434 So.2d 1258 (La.App. 1st Cir.1983). A determination of the weight of the evidence is a question of fact. This court has no appellate jurisdiction to review questions of fact in criminal cases. La. Const. of 1974, art. V, Sec. 10(B). Thus, a determination of the weight of the evidence rests solely in the sound discretion of the trier of fact and is not reviewable on appeal. Korman, 439 So.2d at 1101.
Testimony of the victim herein is in conflict with that of defendant. The testimony of other witnesses called at trial corroborates to some extent some of the victim's testimony and also, to some extent, the testimony of defendant. In finding defendant guilty, it is obvious that the jury believed the victim rather than defendant. The testimony of the victim is sufficient to establish the elements of the offense. Applying the standards set forth above in Korman, 439 So.2d at 1101, there is nothing else for us to review. Accordingly, there is no merit to this assignment of error.
For the foregoing reasons we affirm the conviction and sentence.
AFFIRMED.
LANIER, J., concurs and assigns reasons.
LANIER, Judge, concurring.
The holding in State v. Ramos, 390 So.2d 1262 (La.1980) that conviction of a municipal offense is not a conviction of a crime for purposes of impeachment within the purview of La.R.S. 15:495 appears to be in *1376 error and should be reconsidered by the Louisiana Supreme Court.
Prior to January 1, 1967, the violation of a municipal ordinance was not regarded as a "crime" under Louisiana law and jurisprudence. City of Hammond v. Conner, 250 La. 462, 196 So.2d 276 (1967); City of New Orleans v. Cook, 249 La. 820, 191 So.2d 634 (1966); City of New Orleans v. Adjmi, 249 La. 346, 186 So.2d 616 (1966); Charles v. Town of Jeanerette, 234 So.2d 794 (La.App. 3rd Cir.1970); Roberts v. American Employers Insurance Company, Boston, Mass., 221 So.2d 550 (La.App. 3rd Cir.1969); and the Reporter's Comment under La.R.S. 14:7. This line of jurisprudence and law has been legislatively overruled by the provisions of the Louisiana Code of Criminal Procedure which went into effect on January 1, 1967. See Roberts, 221 So.2d at 553 n. 2. Louisiana Code of Criminal Procedure, Article 933(4) defines a misdemeanor for purposes of the Code as "any offense other than a felony, and includes the violation of an ordinance providing a penal sanction." (Emphasis added). Official Revision Comment (d) under Article 933 provides as follows:
"Misdemeanor" is defined in conformity with Art. 2 of the 1942 Criminal Code (R.S. 14:2), but is broadened to include specifically the violations of an ordinance.

(Emphasis added).
Article 934(11) of the Louisiana Code of Criminal Procedure defines the terms "statute" and "criminal law" to "mean a criminal statute, a constitutional provision, or an ordinance of a city or other political subdivision of the state." (Emphasis added). Official Revision Comment (k) under Article 934 provides in pertinent part as follows:
The definition of "statute," taken from Sec. 1.13(1) of the A.L.I. Model Penal Code, includes city or parish ordinances, thus facilitating the application of Code provisions to city court cases. A similarly broad construction is intended when the phrase "criminal law" is employed. (Emphasis added).
Article 382 of the Louisiana Code of Criminal Procedure provides in pertinent part that "A prosecution for violation of an ordinance shall be instituted by affidavit." Official Revision Comment (a) under Article 382 provides in pertinent part as follows:
Prosecutions in city courts are ordinarily by affidavit. Prosecution for violation of an ordinance, must be instituted by affidavit.
An affidavit is defined in Article 385 of the Code of Criminal Procedure as "a written accusation of crime made under oath and signed by the affiant." (Emphasis added). Violation of a municipal ordinance which has a penal sanction is a crime, and bringing formal charges against the violator by affidavit in a city court is a criminal prosecution. La.C.Cr.P. art. 381.
If violation of an ordinance with a penal sanction is a crime for purposes of the Code of Criminal Procedure, it should also be a crime for purposes of La.R.S. 15:495.
NOTES
[1] The friend was Willie James Dorsey who testified at trial substantially, the same as defendant.
[2] La.C.Cr.P. art. 770 reads in pertinent part:

Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
* * * * * *
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
[3] Actually the holding in Ramos, 390 So.2d at 1264, is suspect since it is based on jurisprudence interpreting La.R.S. 14:7 which appears to have been legislatively overruled by La.C.Cr.P. art. 933(4). That article specifically includes the violation of an ordinance providing a penal sanction as a misdemeanor. Comment (d) under La.C.Cr.P. art. 933 notes that misdemeanor is being defined in conformity with La.R.S. 14:2(6), but is broadened to include the violation of an ordinance.

La.R.S. 14:7 defines crime as conduct made criminal by the Code, other acts of the legislature or the constitution. It appears La.C.Cr.P. art. 933(4) does just that by defining municipal ordinances as misdemeanor crimes.
In any event if violation of an ordinance is not a crime La.C.Cr.P. art. 770(2) is inapplicable to mention of violation of a municipal ordinance to impeach. If it is a crime use for impeachment was proper. If it is not a crime only for purposes of impeachment then the mandatory mistrial provision of La.C.Cr.P. art. 770(2) is not applicable because that article refers only to evidence of crimes which are inadmissible to show guilt of the crime charged.