849 So.2d 32 (2003)
STATE of Louisiana
v.
Jody L. TOLBERT.
No. 2003-KK-0330.
Supreme Court of Louisiana.
June 27, 2003.
*33 Clarke D. Beljean, Laurie A. White, Lauren E. Williams, New Orleans, for Applicant.
Richard P. Ieyoub, Attorney General, Eddie J. Jordan, Jr., District Attorney, Jessica I. LaCambra, for Respondent.
KIMBALL, Justice.
In the instant case, we are called upon to determine whether a municipal conviction may be used for impeachment purposes in criminal cases pursuant to the provisions of La. C.E. art. 609.1. For the reasons that follow, we conclude that a municipal conviction may be used to attack a witness's credibility pursuant to the provisions of and subject to the limitations in La. C.E. art. 609.1. Because a prior decision of this court erroneously reached a contrary determination in its interpretation of the precursor of Article 609.1, it is overruled.

Facts and Procedural History
Defendant, Jody L. Tolbert, a New Orleans police officer, was charged by bill of information with one count of aggravated crime against nature in violation of La. R.S. 14:89.1. According to testimony given by the victim at a hearing conducted on January 16, 2002, defendant, while on duty, stopped her as she was exiting a store on Baronne Street on April 19, 2001, and drove her to her home where he forced her to perform oral sex on him. The victim subsequently reported the incident to the Public Integrity Division.
During the course of the proceedings, defendant learned the victim had been convicted of several municipal violations, including prostitution and lewd conduct. He thereafter provided notice that he intended to use these convictions to attack the victim's credibility pursuant to La. C.E. art. 609.1. As counsel explained at the motion hearing on July 18, 2002, introduction of these convictions would establish that the victim was "in factfor lack of a better wordan habitual prostitute, such that the allegations in this case may be more suspect." The State opposed the motion on the basis of this court's decision in State v. Ramos, 390 So.2d 1262, 1264 (La.1980). Ramos indicated that a municipal conviction was inadmissible for purposes of former La. R.S. 15:495, which provided for impeachment of a witness's credibility by evidence of prior convictions. At the conclusion of the hearing, the trial court agreed defendant could use any state felony or misdemeanor convictions to impeach the victim's testimony. However, relying *34 on Ramos, the trial court prohibited defendant from using the municipal convictions to attack the victim's credibility and consequently denied defendant's motion.
Defendant sought review of the trial court's ruling in the court of appeal and requested a stay order. The court of appeal issued a stay order on September 5, 2002. State v. Tolbert, 02-1670 (La.App. 4 Cir. 9/5/02). Subsequently, on January 27, 2003, the court of appeal denied defendant's writ and recalled the stay order. State v. Tolbert, 02-1670 (La.App. 4 Cir. 1/27/03).
Upon defendant's application, we issued a stay of this matter and granted certiorari to consider the continuing validity of our Ramos decision. State v. Tolbert, 03-0330 (La.2/5/03), 836 So.2d 79, 2003 WL 355670.

Discussion
As an initial matter, we note the State has informed this court that the victim is now deceased. For purposes of defeating a mootness claim, the State indicated at oral argument before this court that the victim's death does not render the case moot because the victim's testimony concerning the details of the offense was elicited at a hearing on January 16, 2002 and subjected to full cross-examination by defense counsel. Thus, the State contends it should be allowed to submit a transcript of this testimony into evidence at trial. If the transcript of the victim's testimony is admitted at trial, defendant may then be entitled to impeach her testimony by evidence of her prior convictions to the full extent of the law. See La. C.E. art. 806 ("When a hearsay statement ... has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if declarant had testified as a witness....").[1] Therefore, the issue of whether the municipal convictions may be used to attack the victim's credibility remains viable.
Having determined that this case is not rendered moot by the death of the victim, we turn to the sole issue presented by this case, which is whether defendant should be allowed to attack the credibility of the victim at trial with evidence of her prior municipal convictions pursuant to the provisions of La. C.E. art. 609.1.
Louisiana Code of Evidence Article 609.1, entitled "Attacking credibility by evidence of conviction of crime in criminal cases," provides:
A. General criminal rule. In a criminal case, every witness by testifying subjects himself to examination relative to his criminal convictions, subject to limitations set forth below.
B. Convictions. Generally, only offenses for which the witness has been convicted are admissible upon the issue of his credibility, and no inquiry is permitted into matters for which there has only been an arrest, the issuance of an arrest warrant, an indictment, a prosecution, or an acquittal.
C. Details of convictions. Ordinarily, only the fact of a conviction, the name of the offense, the date thereof, and the sentence imposed is admissible. However, details of the offense may become admissible to show the true nature of the offense:
(1) When the witness has denied the conviction or denied recollection thereof;

*35 (2) When the witness has testified to exculpatory facts or circumstances surrounding the conviction; or
(3) When the probative value thereof outweighs the danger of unfair prejudice, confusion of the issues, or misleading the jury.
D. Effect of pending post-conviction relief procedures. The pendency of an appeal or other post-conviction relief procedures does not render the conviction inadmissible, but may be introduced as bearing upon the weight to be given the evidence of the conviction.
E. Effect of pardon or annulment. When a pardon or annulment, based upon a finding of innocence, has been granted, evidence of that conviction is not admissible to attack the credibility of the witness.
F. Juvenile adjudications. Evidence of juvenile adjudications of delinquency is generally not admissible under this Article, except for use in proceedings brought pursuant to the habitual offender law, R.S. 15:529.1.
Defendant argues this article makes it clear that any witness who testifies in a criminal case is subject to examination regarding his or her criminal convictions. He asserts municipal convictions may be used to attack a the credibility of a witness because they are statutorily defined as misdemeanor criminal convictions pursuant to La. R.S. 14:2 and 14:7, when read in conjunction with La.C.Cr.P. art. 933. Defendant contends the Ramos decision is no longer controlling as its focus was on the interpretation of a statute that has since been repealed.
The Ramos case dealt with a defendant's appeal of his conviction and sentence for attempted first-degree murder. One of the defendant's assignments of error dealt with a claim of prejudice suffered when the prosecutor made reference to his municipal convictions. In addressing this assignment of error, this court stated:
The defendant admitted that he had been in municipal court "for tickets and being drunk." The record does not indicate a contemporaneous objection by the defense, but defense counsel maintains that he did object and that the trial judge sustained the objection. It does not appear that the defendant has a valid complaint since the court ruled in his favor and no request for an admonition or mistrial was made. The trial judge was clearly correct in curbing the state's inquiry into municipal offenses. A municipal offense is not a crime within the meaning of La.R.S. 15:495, which provides that "(e)vidence of conviction of crime" is admissible for impeachment of a witness's credibility under prescribed circumstances. Crime is defined in La. R.S. 14:7 as "that conduct which is defined as criminal in this Code, or in other acts of the legislature, or in the constitution of this state." It was intended to exclude from the designation "crime" all offenses established by municipal ordinances. See Reporter's comment, L.S.A.-R.S. 14:7. This assignment lacks merit.
Ramos, 390 So.2d at 1264.
The analysis employed in Ramos and its pronouncement that a municipal offense is not a crime for purposes of La. R.S. 15:495[2] are suspect. Initially, the *36 Ramos court concluded that because defendant made no request for an admonition or mistrial after the trial court sustained his objection regarding the reference to the municipal convictions, he did not have a valid complaint. This court's further pronouncements on the propriety of using municipal convictions for impeachment purposes under La. R.S. 15:495 were therefore dicta. Moreover, when this court looked to the definition of "crime" in the Criminal Code and concluded a municipal conviction was not included within the definition, it ignored its own settled jurisprudence that had long sanctioned the wide-ranging impeachment of a witness on the basis of felony and misdemeanor convictions. See, e.g., State v. Dundas, 168 La. 95, 121 So. 586, 591-92 (1929) (collecting cases). Although in the early 1970s at least one member of this court desired to restrict the scope of impeachment by prior convictions, see, e.g., State v. Odom, 273 So.2d 261, 265 (La.1973) (Barham, J., concurring) ("In the proper case we should exclude the introduction of other convictions for the purpose of impeachment and as an attack upon credibility unless the convictions are of offenses which, by their very nature, charge perjury, falsification, or lack of truthfulness."), this court settled on the rule that:
[c]onvictions admissible under this section [La. R.S. 15:485] have not been limited to those directly reflecting on the veracity of a witness and include misdemeanor convictions. We believe that the use of evidence of a conviction for the violation of a penal provision for which imprisonment can be imposed is contemplated by this section.
State v. Bradford, 298 So.2d 781, 792 (La. 1974) (internal citations omitted).
This court thus held in Bradford that the State properly impeached the defendant with his court martial conviction for being absent without leave while serving in the Armed Services. Id. The court reached the same result again in State v. Wilson, 342 So.2d 670 (La.1977). Without mentioning this jurisprudence, however, the Ramos court concluded that municipal convictions were inadmissible for impeachment purposes under La. R.S. 15:495 because an offense established by municipal ordinance was not a "crime" as defined in La. R.S. 14:7, which provides that a crime is "conduct which is defined as criminal in this Code, or in other acts of the legislature, or in the constitution of this state." If Ramos were correct about the manner in which to interpret the word "crime" in La. R.S. 15:495, then both Bradford and Wilson would be incorrectly decided since, in those cases, the violation of federal law for which defendants had been convicted also did not constitute a "crime" as defined in La. R.S. 14:7. Additionally, the Ramos rationale could be used to exclude not only federal convictions, but also all out-of-state convictions, no matter how serious the crime.
Thus, in a single stroke of dicta, Ramos drastically narrowed the scope of impeachment of witnesses in this state and paved the way for the exclusion of evidence of significant crimes for impeachment purposes. For the reasons set forth above, we conclude Ramos had significant unforseen negative consequences and was wrongly decided. We repudiate the decision *37 and, to the extent it remains valid after the repeal of La. R.S. 15:495, overrule it.[3]
With the repeal of former La. R.S. 15:495 in 1989, impeachment of witnesses by prior convictions in criminal cases now falls exclusively under the provisions of La. C.E. art. 609.1 and varies significantly from the rules prevailing under the Federal Rules of Evidence, the source for many of the provisions in our Code of Evidence. At the federal level, in both civil and criminal cases,
evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused....
Fed.R.Evid. 609(a)(1). These restrictions, which clearly preclude impeachment by relatively minor convictions, see, e.g., U.S. v. Cox, 536 F.2d 65 (5th Cir.1976) (prostitution), do not apply if the prior conviction "involved dishonesty or false statement, regardless of the punishment." Fed. R.Evid. 609(a)(2). Federal law in this area clearly influenced the provisions of La. C.E. art. 609 regarding impeachment of witnesses in civil cases by convictions for crimes "punishable by death or imprisonment in excess of six months under the law under which [the witness] was convicted" when the court "determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party...." La. C.E. art. 609(A)(1). As does its federal counterpart, the statute excepts from these restrictions crimes involving "dishonesty or false statement, regardless of the punishment." La. C.E. art. 609(A)(2).
On the other hand, La. C.E. art. 609.1(A) provides broadly that in criminal cases, "every witness by testifying subjects himself to examination relative to his criminal convictions, subject to" certain limitations. The limitations that follow this broad rule of impeachment in no way limit the class of convictions available for impeachment purposes. Section (B) states that only "offenses for which the witness has been convicted are admissible upon the issue of his credibility, and no inquiry is permitted into matters for which there has only been an arrest, the issuance of an arrest warrant, an indictment, a prosecution, or an acquittal." La. C.E. art. 909.1(B)(emphasis added).
Unlike former article 15:495, which spoke in terms of conviction of a "crime," art. 609.1 speaks in terms of "offenses" for which the witness has been convicted. The term "offenses" is not defined in the Code of Evidence. It is, however, defined in the Code of Criminal Procedure as including "both a felony and a misdemeanor." La.C.Cr.P. art. 933(1). "Misdemeanor," in turn, is defined as "any offense other than a felony, and includes the violation of an ordinance providing a penal sanction." La.C.Cr.P. art. 933(4). Thus, a municipal conviction that carries the possibility of a penal sanction is properly termed an offense. It therefore appears *38 clear that municipal convictions subject to punishment are included within the scope of art. 609.1.
In light of the broad language employed in La. C.E. art. 609.1 in obvious distinction to that used in Article 609, its civil counterpart, the lack of limitations imposed by the legislature on the class of convictions available for impeachment purposes, and the use in art. 609.1 of the term "offenses," we conclude that municipal convictions subject to a penal sanction may be used for impeachment purposes in criminal cases pursuant to the provisions of and subject to the limitations provided in La. C.E. art. 609.1.
In the instant case, although the person sought to be impeached is the victim, she is also a witness. The plain language of Article 609.1 applies to "every witness" who testifies. There is no exception to this rule when the victim is a testifying witness. Under La. C.E. art. 403, however, evidence of the victim's prior convictions may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.
After a hearing in this case, the trial court, relying on Ramos, refused to allow the defense to use the victim's municipal convictions to impeach her testimony. The evidence, however, is not subject to exclusion based solely on the fact that the convictions sought to be introduced are municipal convictions. We reverse the judgment of the trial court denying defendant's motion and remand the case to the trial court for it to determine whether evidence of the victim's municipal convictions is otherwise admissible under the provisions of Article 609.1 and, if so, to conduct the balancing test required by Article 403.

Decree
The judgment of the trial court denying defendant's motion to introduce evidence of the victim's prior municipal convictions for impeachment purposes is reversed and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.
REVERSED.
NOTES
[1] This opinion deals solely with the issue of whether a municipal conviction may be used for impeachment purposes in criminal cases pursuant to the provisions of La. C.E. art. 609.1. It is not intended to address either expressly or implicitly any other evidentiary issues that may later be raised by the parties in this case.
[2] At the time Ramos was decided, La. R.S. 15:495 governed impeachment by prior convictions. The statute provided:

Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein.
La. R.S. 15:495 was repealed effective January 1, 1989 when the new Louisiana Code of Evidence went into effect.
[3] While it might appear obvious the repeal of La. R.S. 15:495 has at least called into question the pronouncement in Ramos that municipal convictions could not be used for impeachment, courts have continued to adhere to the court's ruling in that case. See, e.g., State v. Martin, 29,352 (La.App. 2 Cir. 5/13/97), 694 So.2d 1209; State v. Wilcoxon, 26,126 (La.App. 2 Cir. 6/22/94), 639 So.2d 385. Consequently, we will explicitly overrule the decision to eliminate confusion on this issue.