430 So.2d 1303 (1983)
STATE of Louisiana
v.
Michael A. MARCHESE.
No. 82 KA 0893.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
*1305 William M. Quin, Asst. Dist. Atty., Amite, for plaintiff-appellee, State of La.
Richard Macaluso, Asst. Public Defender, Amite, for defendant-appellant, Michael Marchese.
Before EDWARDS, WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
Michael A. Marchese (defendant) was charged by bill of information with armed robbery in violation of La.R.S. 14:64. He pled not guilty, was tried by jury, found guilty as charged, and sentenced to thirty years at hard labor with the Department of Corrections. Defendant has appealed his conviction and sentence, citing eight assignments of error, seven of which are briefed.
On Monday, March 22, 1982, at approximately 2:15 a.m., Tucker's Conoco Service Station in Ponchatoula, Louisiana, was robbed. Norwood Stafford (victim) was the only employee on duty at the time. The assailant was armed with a sawed-off 12gauge shotgun which he pointed at Stafford's face as he told Stafford to hand over the money or he would kill him. Approximately $400.00 in cash, some checks, and some credit card charges were taken from the cash register and placed in a blue bank bag.
The assailant left the service station on foot, and Stafford called the Ponchatoula City Police to inform them that he had been robbed. The police responded; and Stafford related the details of the incident, including a description of the assailant. He also told them that an orange Vega had passed by the service station several times prior to the robbery. Two officers searched a two-block area on foot but found nothing.
At 4:12 a.m. while patrolling, one of the investigative officers, David Scharer, stopped an orange Vega for speeding 48 miles per hour in a 25 miles-per-hour zone. He ordered the driver out of the car and radioed for assistance, because there were two passengers also in the car. Officers Gerald Barron and Mike Barron came to the scene. Officer Scharer told them that the passenger in the back seat appeared to be acting suspiciously. Officer Gerald Barron walked over to the Vega, shone his light into the car and saw a sawed-off shotgun on the floorboard of the vehicle. The passengers were instructed to get out of the *1306 car. In a subsequent search of the vehicle, a bank bag, and a vest were removed from the floorboard behind the driver's seat. Inside the vest was a check for $45.48 issued by Middendorf's on March 20, 1982, to Kirt Berteau and previously cashed at the Conoco station. Police Chief Ernest Peltier took possession of the sawed-off shotgun, vest, bank bag and check. The driver and passengers were taken to the police station where Stafford identified the defendant as the robber.
Defendant also gave a written statement about one hour after he was arrested, in which he acknowledged he had committed the armed robbery.

ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, defendant asserts that the sequestration order was violated by the witnesses, and the trial court erred in allowing their testimony or in failing to grant a mistrial. Both defendant and the State requested that an order of sequestration of the witnesses be issued, which was granted at the time jury selection began.
According to defendant, the victim, who was the only eyewitness, and the police chief of Ponchatoula had a discussion wherein the police chief asked the victim to examine each piece of physical evidence to be introduced by the State. The assistant district attorney argued that he had been the one who initiated the contract between the two witnesses. He said he wanted the victim to review the physical evidence which was in the custody and control of the police chief. The assistant district attorney asserted that the conversation had been between him and the victimnot between the police chief and the victim; that the police chief had not initiated any conversation; and that the police chief was only there as the evidence custodian. Defendant asked for the disqualification of both witnesses and the exclusion of all evidence and testimony relating to the matters discussed, or, in the alternative, that a mistrial be granted. The trial court denied defendant's motion and chose to modify its sequestration order by permitting it to become effective when the first witness was called.
Defendant asserts that such contact between the witnesses compromised the ability of defendant to cross examine the only eyewitness, but he was unable to specify how defendant's rights had been compromised by the discussion.
Article 764 of the Louisiana Code of Criminal Procedure provides for the sequestration of witnesses. It reads as follows:
"Upon its own motion the court may, and upon request of the state or the defendant the court shall, order that the witnesses be excluded from the courtroom or from where they can see or hear the proceedings and refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel. The court may modify its order in the interest of justice."
The purpose of sequestration is to assure that a witness will testify as to his own knowledge of the events, to prevent the testimony of one from influencing the testimony of others, and to strengthen the role of cross examination in developing facts. State v. Parker, 421 So.2d 834 (La.1982); State v. Sonnier, 402 So.2d 650 (La.1981); State v. Gray, 351 So.2d 448 (La.1977); State v. Johnson, 343 So.2d 155 (La.1977).
Not every violation of a sequestration order must result in the exclusion of a witness's testimony. State v. Parker, supra. The trial judge may, in his discretion, refuse to disqualify an errant witness or declare a mistrial for a violation, if the purpose of the sequestration has not been thwarted, or there is no evidence that the witness's testimony has been tainted. State v. Parker, supra; State v. Johnson, supra.
In the instant case, we fail to see any actual prejudice to defendant because of this incident. The defense counsel did not show definitively that either the victim's testimony or that of the police chief would be altered or tainted because of the incident which occurred during jury selection and before the first witness was called to testify.
*1307 We also find that the trial judge is vested with much discretion to modify an order of sequestration when such modification serves the interests of justice. State v. Gray, supra. Herein, we do not find abuse of discretion by the trial court's modification of its sequestration order, or by its ruling on defendant's motions on this issue. The defendant's first assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2
In assignment of error no. 2, defendant alleges that the victim's identification should have been suppressed because the one-on-one identification procedure was unnecessarily suggestive.
The robbery occurred at approximately 2:15 a.m., and at 4:12 a.m. the victim identified defendant in a one-on-one confrontation at the Ponchatoula Police Department located one and one-half blocks from the service station.
In reviewing an identification procedure, the trial court must determine whether the procedure was so unnecessarily suggestive and so conducive to irreparable mistaken identification that defendant was denied due process of law. State v. Bickham, 404 So.2d 929 (La.1981). The trial court must look at the totality of the circumstances surrounding the identification procedure. State v. Smith, 418 So.2d 515 (La.1982).
One-on-one confrontations between a suspect and victim are not favored by the law, but they are permissible when justified by the overall circumstances. This procedure is generally permitted when the accused is apprehended within a short time after the offense and is returned to the scene of the crime for on-the-spot identification. Such a prompt in-the-field identification, under appropriate circumstances, does promote accuracy as well as expediting the release of innocent suspects. State v. Bickham, supra; State v. Dunbar, 356 So.2d 956 (La.1978).
In State v. Davis, 409 So.2d 268 (La.1982), involving a one-on-one identification which was subsequently suppressed, the court cited Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), wherein the Supreme Court listed factors to be considered when determining the reliability of the identification. These include the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of his prior description, the level of certainty displayed at the confrontation, and the time between the crime and the confrontation.
In the instant case, the victim had adequate opportunity to observe defendant. His face was fully visible and he was no more than four or five feet from the victim for about a minute during the robbery. The victim's attention was apparently centered totally on defendant, because he was able to give a detailed description of him to the police.[1] The victim testified that he had no hesitation in identifying defendant at the confrontation which took place only a couple of hours after the incident. The record also shows that before the victim identified the defendant, he was presented with two other men, and he did not identify either as the robber.
Based on these facts, we feel that the accuracy of the victim's identification was reliable and therefore properly admissible. The trial court's determination that the identification testimony was admissible is to be given great weight and should not be disturbed unless a preponderance of evidence mandates it. State v. Smith, supra; State v. Stewart, 387 So.2d 1103 (La.1980). Accordingly, we find the second assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
In this assignment of error, defendant asserts that the trial court failed to follow the guidelines delineated in La.C.Cr.P. Art. *1308 894.1 in sentencing him. Specifically, he argues (1) that the trial court did not consider such personal factors as his marital status, dependents, family stability, and mental health, and (2) that the trial court considered pending charges which have not resulted in pleas or convictions.
La.C.Cr.P. Art. 894.1 sets forth the sentencing guidelines for the court. Factors the trial court should consider are the defendant's age, marital status, dependents, family stability, employment, mental, emotional and physical health, any previous criminal record, seriousness of the crime, circumstances of the offense, likelihood that the defendant will commit another crime, and his potential for rehabilitation through correctional services other than confinement. State v. Crawford, 410 So.2d 1076 (La.1982); State v. Jackson, 360 So.2d 842 (La.1978).
A review of the sentencing transcript reveals that the trial judge was aware that these personal factors should be taken into consideration. He specifically mentions the defendant's age but states that defendant's "chronological age is far advanced as to being street wise." The trial judge concludes that he could not find any mitigating factors. Defendant further asserts that in determining his sentence, the trial judge should not have considered pending charges against him or charges which were not pursued. However, the sources of information from which a sentencing court may draw are extensive, and traditional rules of evidence are not bars to consideration of otherwise relevant information. Prior criminal activity which a court may consider is not limited to prior convictions, even though we note that defendant had two prior felony convictions. State v. Washington, 414 So.2d 313 (La.1982); State v. Brown, 410 So.2d 1043 (La.1982).
We find that the trial court adequately complied with La.C.Cr.P. Art. 894.1. It appears that the trial court did consider defendant's personal factors, although he did not specifically enumerate them. The sentencing court need not cite every factor listed in the sentencing statute in order to comply with it. State v. Lewis, 412 So.2d 1353 (La.1982); State v. Douglas, 389 So.2d 1263 (La.1980).
Further, the trial court is given wide discretion in the imposition of sentences within the statutory limits, and a sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Washington, supra.
We find no such abuse here. Accordingly, the third assignment of error lacks merit.

ASSIGNMENTS OF ERROR NOS. 4 AND 5
Defendant maintains in these assignments of error that the trial court first erred in refusing to allow the defense to voir dire regarding the possible penalty for armed robbery and, secondly, in refusing to charge the jury with the penalty provisions.
Voir dire is designed to discover bases for challenges for cause and to secure information for an intelligent exercise of peremptory challenges. State v. Perry, 420 So.2d 139 (La.1982). Counsel must be afforded a wide latitude in conducting the voir dire examination. State v. Chapman, 410 So.2d 689 (La.1982); State v. Nicholas, 397 So.2d 1308 (La.1981). However, the scope of the voir dire examination is within the sound discretion of the trial judge, and his rulings will not be disturbed on appeal in the absence of clear abuse of discretion. State v. Robinson, 404 So.2d 907 (La.1981); State v. Jackson, 358 So.2d 1263 (La.1978). In making such an evaluation, the entire voir dire examination must be considered. State v. Robinson, supra; State v. Nicholas, supra; State v. Sylvester, 388 So.2d 1155 (La.1980).
After reviewing the record of the voir dire examination in the instant case, we find no abuse of discretion on the part of the trial judge. The failure to allow questioning of the jury on an issue such as sentencing, in which they have no participation, is not error.
*1309 Defendant raises essentially the same issue in assignment of error no. 5, wherein he claims the trial court refused to charge the jury as to the penalty provisions of the crime at issue.
Such a charge, however, is not necessary unless the penalty provisions imposed by the statute are mandatory, such as life imprisonment, with no judicial discretion as to its imposition following the verdict. State v. Washington, 367 So.2d 4 (La. 1978). When the court imposes the penalty, however, it is not error to refuse to instruct the jury on possible penalties. The general view is that the penalty is simply no concern of the jury. State v. Prater, 337 So.2d 1107 (La.1976).
Here, the trial court did not abuse its discretion in not permitting voir dire questioning on sentencing or in refusing to instruct the jury as to the penalty provisions of this offense. The court is given wide latitude in these matters and we find no abuse of discretion. Assignments of error nos. 4 and 5 are without merit.

ASSIGNMENT OF ERROR NO. 6
Assignment of error no. 6 was not briefed and as such is considered abandoned. State v. Perry, supra.

ASSIGNMENT OF ERROR NO. 7
In assignment of error no. 7, defendant asserts that the trial court erred in not giving three special jury charges that he requested.
La.C.Cr.P. Art. 807 provides for the right of both the State and the defendant to submit to the court special written charges for the jury. A requested special charge shall be given by the court in a criminal prosecution if it does not require qualification, limitation or explanation, and if it is wholly correct. The special charge does not have to be given if it is included in the general charge or in another special charge which is given. State v. Smith, 414 So.2d 1237 (La.1982).
In the instant case, defendant maintains that special instructions nos. 1, 3, and 4 should have been included in the charges. The trial court concluded that instructions 1 and 4 were already included in the general charges. Special instruction no. 3 was withdrawn by the defense attorney himself. Special instruction no. 1 provided that the jury should consider a witness's ability to observe the occurrence of an alleged fact and conditions under which an observation occurs. This was covered in the trial court's general instructions. Special instruction no. 4 was concerned with the need for jurors to evaluate the evidence in light of their own common experience. We find that this is adequately covered by the trial court when it instructed the jurors to make their determination based on reason and common sense.
Since special instruction no. 3 was withdrawn by the defense attorney himself, and the other requested special instructions are found within the trial court's general instructions, we find assignment of error no. 7 without merit.

ASSIGNMENT OF ERROR NO. 8
In defendant's assignment of error no. 8, he alleges that there was insufficient evidence to support the jury's verdict. We note that the proper procedure for raising this issue is by a motion for new trial. La.C.Cr.P. Art. 851(1); State v. Brown, 421 So.2d 854 (La.1982); and that in the instant case, defendant has failed to do so. Regardless, we will consider the sufficiency of the evidence to determine whether it met constitutional standards, even though the issue is raised in a formal assignment of error. State v. Washington, 421 So.2d 887 (La.1982); State v. Edwards, 400 So.2d 1370 (La.1981).
In reviewing a conviction for sufficiency of evidence, due process requires the reviewer to ascertain whether any rational trier of fact could have found the defendant guilty beyond reasonable doubt, accepting the facts most favorable to the prosecution. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Edwards, supra.
*1310 We have reviewed the evidence presented in this case and can readily find adequate proof to support the jury's verdict. Defendant argues that the identification of the defendant and the shotgun was unduly suggestive. We do not agree. Considering the close proximity in time between the incident and the defendant's arrest, we find that the identification procedures were adequate. Defendant also alleges that the victim's testimony was inconsistent and that he was nervous and unable to observe the event. Considering the police testimony, however, we find that the victim gave an overall good description and that his testimony was not inconsistent. The victim may have been nervous, but apparently he was calm enough to later give the police a description which allowed them to readily apprehend defendant. Any seeming inconsistency in the testimony of the witnesses was not significant. We find that a rational trier of fact could have found defendant guilty beyond a reasonable doubt, accepting the facts most favorable to the State.
Accordingly, we find no merit in the eighth assignment of error.
For the reasons set forth above, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] There is some discrepancy in the testimony between the officers and the victim regarding what height the victim said the robber was, but this is not substantial considering the accuracy regarding the rest of the description.