CRAIN, Judge.
This is an appeal of a jury verdict finding defendant guilty of aggravated rape and aggravated burglary.
Defendant, Terrance Nicholas, was charged by grand jury indictment with having committed, the following offenses: count I, aggravated rape in violation of La.R.S. 14:42; count II, armed robbery in violation of La.R.S. 14:64; and count III, aggravated burglary in violation of La.R.S. 14:60.- After pleading not guilty to all three counts, defendant was tried by a twelve-person jury and found guilty as charged on count I, not guilty on count II, and guilty as charged on count III. Defendant was sentenced to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence on count I and ten years at hard labor without benefit of probation, parole or suspension of sentence on count III, the sentences to run concurrently. Defendant now appeals his conviction, alleging three assignments of error. We affirm.
At about 4:40 a.m. on October 19, 1982, the victim was asleep in the bedroom of her home. She was awakened by a male dressed only in undershorts holding a knife to her throat. Her two children were *299 asleep in their bedroom, and her husband was at work offshore. The assailant held a knife to the victim’s throat and raped her. Afterwards he opened the victim’s purse and took out $2.00. He then raped her again. He raped her a third time after threatening to kill one of her children if she did not comply. He then led her to an empty bedroom, sat down on the bed and gave the knife to her saying he was sorry for what he had done and she could cut him. She refused and placed the knife under a pillow and asked him certain questions that would enable her to identify him. The assailant told her his name was Terrance and that he had a tattoo of the name “Terry” on his chest. He left the house through an unlocked open window. The victim notified the police who subsequently arrested the defendant at a pink house across the street from the victim’s.
ASSIGNMENT OF ERROR NUMBER ONE:
Assignment of error number one was not briefed on appeal and is therefore considered abandoned. Uniform Rules of the Courts of Appeal, Rule 2-12.4; State v. Trevathan, 432 So.2d 355 (La.App. 1st Cir.1983), writ denied (La.1983). ASSIGNMENT OF ERROR NUMBER TWO:
In the second assignment of error, defendant contends that the trial court erred in lifting the rule of sequestration to allow the victim to hear the closing arguments after defense counsel requested that the victim and other witnesses remain sequestered. Defendant argues the jury could be prejudiced by seeing the victim and that the victim’s presence during closing arguments could color her testimony in a subsequent re-trial.
Defendant does not specify how he suffered any actual prejudice by the victim’s presence during closing argument. Nor does defendant allege any grounds for retrial other than the presence of the victim in the courtroom during closing argument.
La.C.Cr.P. art. 764 provides as follows:
Upon its own motion the court may, and upon request of the state or the defendant the court shall, order that the witnesses be excluded from the courtroom or from where they can see or hear the proceedings and refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel. The court may modify its order in the interest of justice.
The purpose of sequestration is to assure that a witness will testify as to his own knowledge of the events, to prevent the testimony of one witness from influencing testimony of another, and to strengthen the role of cross-examination in developing facts. State v. Márchese, 430 So.2d 1303 (La.App. 1st Cir.1983).
The issue here was considered in State v. Sonnier, 402 So.2d 650 (La.1981), wherein defendant alleged error in the trial court allowing witnesses to listen to the closing arguments. The court found no error in the trial judge allowing witnesses to remain in the courtroom during closing arguments absent a showing of actual prejudice, or extraordinary circumstances from which the court could infer that prejudice had occurred. The court further found that where witnesses had completed their testimony the purpose of sequestration of witnesses was fulfilled.
The defendant here has not shown that he suffered any actual prejudice, nor has he alleged any extraordinary circumstances from which we may infer that prejudice occurred. Therefore, the mere presence of the victim during closing argument does not constitute error.
ASSIGNMENT OF ERROR NUMBER THREE:
Defendant assigns as error the denial by the trial court of defendant’s motion for new trial based on the victim being allowed to remain in the courtroom while counsel gave closing arguments. This contention is disposed of in our ruling on defendant’s second assignment of error.
We affirm defendant’s conviction.
AFFIRMED.