457 So.2d 1246 (1984)
STATE of Louisiana
v.
Clifford NOLAN.
No. 84 KA 0190.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
Writ Denied December 14, 1984.
*1247 Ossie Brown, Dist. Atty. by Richard Sherburne, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Kathleen S. Richey, Appellate Counsel, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before WATKINS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
Defendant, Clifford Nolan, was charged by grand jury indictment with aggravated rape, aggravated kidnapping, and armed robbery. LSA-R.S. 14:42, 44, 64. He plead not guilty and after trial by jury was found guilty as charged. The trial judge sentenced defendant to life imprisonment without benefit of probation, parole, or suspension of sentence on the aggravated rape charge, to life imprisonment without benefit of probation, parole, or suspension of sentence on the aggravated kidnapping charge, and to twenty years of hard labor without benefit of probation, parole, or suspension of sentence and court costs or an additional one year on the armed robbery charge. All sentences are to run concurrently.
Defendant now appeals his conviction and sentence alleging twenty-two assignments of error. Defendant has briefed only assignments of error nos. 1, 10, and 22. The remaining assignments of error were not briefed on appeal and, therefore, are considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.
FACTS:
On June 25, 1983, the victim was shopping at Howard Brothers Department Store located at Florida Boulevard and Donmoor Avenue in Baton Rouge. She left the store and was entering her car when a man placed a knife to her neck and forced himself into the car with her. The victim was made to lie face down on the floor.
The assailant then drove the victim to a deserted area and placed a bandana over her eyes. He then raped her and forced her to perform oral sex. The assailant then forced the victim back into the car and drove to another location where he again raped her.
The assailant then drove the victim to Baton Rouge Meat Supply on Harry Drive. He told her that he was going to get out of the car first and take the car keys with him. The victim was instructed to wait sixty seconds, go into the store and cash a check, and return to the car with the money.
*1248 The assailant got out of the car first. The victim waited, then removed the bandana and went into the store. She told the manager of the store what had happened and the police were called. The victim then spotted defendant in the store and identified him as the assailant. The police arrived and arrested defendant. Several items of the victim's property, including her car keys, were found on defendant. Defendant admitted having stolen the items from the victim's car but denied all other charges.

ASSIGNMENTS OF ERRORS NOS. 1 and 10:
In these assignments of error, defendant contends that the trial court erred when it failed to sequester the victim-witness after she testified on direct and cross-examination.
LSA-C.Cr.P. art. 764 provides for sequestration of witnesses. It states:
Upon its own motion the court may, and upon request of the state or the defendant the court shall, order that the witnesses be excluded from the courtroom or from where they can see or hear the proceedings and refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel. The court may modify its order in the interest of justice.
The purpose of sequestration is to assure that a witness will testify as to his own knowledge of events, to prevent the testimony of one from influencing the testimony of others, and to strengthen the role of cross-examination in developing facts. State v. Sonnier, 402 So.2d 650 (La.1981), cert. denied ___ U.S. ___, 103 S.Ct. 3571, 77 L.Ed.2d 1412 (1983). It is within the sound discretion of the trial judge to exclude witnesses from the sequestration order and to permit witnesses who have violated the order to testify. This may be done where the purpose of the sequestration order has not been thwarted or there is no evidence that the victim's testimony has been tainted. See: State v. Mitchell, 344 So.2d 1026 (La.1977); State v. Marchese, 430 So.2d 1303 (La.App. 1st Cir.1983).
Defendant contends that because the victim heard the testimony of the manager of Baton Rouge Meat Supply she was able to later contradict his testimony on rebuttal. The manager testified that when the victim first spoke to him she was unable to identify her assailant but when she saw defendant in the store, she identified him. On direct and cross-examination, the victim testified that she "got a good look" at her assailant when he first approached her in the parking lot. On rebuttal, she again testified that she got a good look at her assailant. Based on the record, it is evident that the victim's testimony on rebuttal was a reiteration of her earlier testimony and was not altered or tainted as a result of non-sequestration.
Defendant next contends that the victim heard the testimony of defendant and as a result was able to contradict it on rebuttal. Defendant testified that he stole the victim's car keys and other items from her car without having personal contact with the victim. The victim testified that she heard the assailant going through her purse but, because her eyes were covered, she could not say whether he had taken the items, put them back in her purse, or thrown them on the floorboard. When the victim was recalled to the stand on rebuttal, she was asked whether the items were on the floorboard when she removed the bandana from her eyes and left the car to go into Baton Rouge Meat Supply. She testified that the items were not on the floor at that time. It is clear from the record that the victim did not alter her testimony in any way on rebuttal but merely offered additional testimony in line with her previous statements.
We fail to see any actual prejudice to defendant. The defendant has failed to show that the victim's testimony was altered or tainted because she was not sequestered. On rebuttal, the victim reiterated previous testimony and offered additional testimony in line with her previous testimony. *1249 We find no merit to these assignments of error.
ASSIGNMENT OF ERROR NO. 22:
In this assignment of error, defendant argues that the verdict is contrary to the law and evidence.
Defendant first contends that the State failed to present sufficient evidence to establish venue with respect to the offense of aggravated rape.
When reviewing the sufficiency of evidence, it must be determined whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. LSA-C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir. 1983).
All trials shall take place in the parish where the offense has been committed unless venue is changed. LA. Const. of 1974, Art. 1, § 16, LSA-C.Cr.P. art. 611. The State has the burden of proving proper venue beyond a reasonable doubt on the trial of the offense. LSA-C.Cr.P. art. 615.
In State v. Hayes, 414 So.2d 717, 723 (La.1982), the Court noted:
[T]he state did not ask the victims or other witnesses whether the offenses occurred in East Baton Rouge Parish. However, this does not necessarily mean that the state did not prove that the offenses occurred in that parish, for venue could have been shown in another manner.
In the instant case, defendant argues that the victim was blindfolded and was driven to an unknown location. The victim testified that she was abducted from Howard Brothers at Florida Boulevard and Donmoor Avenue and was finally released at Baton Rouge Meat Supply which is located just behind Howard Brothers. With this evidence before them, the jurors could have concluded beyond a reasonable doubt that the rapes occurred in East Baton Rouge Parish.
Secondly, defendant argues that the verdict was based upon insufficient evidence to convince a rational trier of fact of guilt beyond a reasonable doubt. Defendant contends that the issue is one of identity, and nothing points to defendant as the assailant except the victim's assertions.
Where there is conflicting testimony as to factual matters the resolution of which depends on a determination of the credibility of the witnesses, this is a matter of the weight of the evidence, not its sufficiency. Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); State v. Kent, 434 So.2d 1258 (La.App. 1st Cir. 1983), writ denied, 440 So.2d 727 (La.1983). A determination of the weight of the evidence is a question of fact and this court has no appellate jurisdiction to review questions of fact in criminal cases. La. Const. of 1974, Art. V, § 10(B). Thus, a determination of the weight of the evidence rests solely in the sound discretion of the trier of fact and is not reviewable on appeal. State v. Korman, supra, 439 So.2d at 1101.
The victim herein testified that she saw her assailant when he approached her initially. She thereafter identified defendant as her assailant. In addition, the victim's car keys and other items were found on defendant. To some extent, this corroborated the victim's testimony. In finding defendant guilty, it is obvious that the jury believed the victim rather than the defendant. Applying the standard set forth in Korman, at 439 So.2d 1101, we find no merit in this argument.
This assignment of error is without merit.
Accordingly, defendant's conviction and sentence are affirmed.
AFFIRMED.