540 So.2d 511 (1989)
STATE of Louisiana
v.
Douglas V. CREEL.
No. KA 88 0647.
Court of Appeal of Louisiana, First Circuit.
February 28, 1989.
Writ Denied June 16, 1989.
*512 Louise P. Draper, 22nd Judicial Dist., Franklinton, William Campbell, New Orleans, for plaintiff-appellee, State.
Clarence P. Guillory, Jr., Franklinton, for defendant-appellant, Douglas Creel.
Before CARTER, LANIER and LEBLANC, JJ.
LANIER, Judge.
Douglas V. Creel was charged by a single bill of information with four counts of aggravated crime against nature in violation of La.R.S. 14:89.1, subd. A(6). He pled not guilty. Following a trial by jury, he was convicted as charged of counts one and two. He was found not guilty of count three and guilty of the responsive offense of attempted crime against nature on count four. The trial court sentenced him to six year terms of imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on counts one and two and to a one year term of imprisonment at hard labor on count four. The sentences are to be served consecutively.

FACTS
From November of 1982 through November of 1985, the victim, a young boy, and his older brother were placed in the foster care system in Louisiana. During most of that time period, the victim and his brother resided in the home of defendant. At the time of trial, the victim was eleven years old. He testified at trial that, during the summer of 1985 through November of 1985, he was ordered to engage in oral copulation with defendant on four occasions. The victim reported the incidents to his older brother, who ultimately told their school bus driver, Peggy Stewart. Ms. Stewart notified the appropriate authorities, who conducted an investigation. As a result of that investigation, the instant charges were brought against defendant.

IMPROPER RESTRICTING OF VOIR DIRE

(Assignment of Error Number 1)
Defendant contends that the trial court erred by restricting his voir dire examination.
During voir dire examination, counsel for the defendant attempted to explain the penalty provisions for the charged offense and for all responsive offenses. After the penalty for the charged offense was stated, the prosecutor objected. The objection was sustained by the trial court.
Voir dire examination is designed to discover grounds for challenges for cause and to secure information for an intelligent exercise of peremptory challenges. State v. Marchese, 430 So.2d 1303 (La.App. 1st Cir. 1983). The scope of the voir dire examination is within the sound discretion of the trial court, and its rulings will not be disturbed on appeal in the absence of clear abuse of discretion. Marchese at 1308.
After reviewing the entire voir dire examination in the instant case, we find no abuse of discretion on the part of the trial court. Defendant was afforded wide latitude in his examination of prospective jurors. The failure to allow questioning of the jury on an issue such as sentencing, in which they have no participation, is not error. See Marchese at 1308.
This assignment of error lacks merit.

*513 AMENDMENT OF BILL OF INFORMATION TO CONFORM TO EVIDENCE

(Assignment of Error Number 2)
Defendant contends it was improper for the trial court to allow the victim to testify that one of the offenses was committed in November of 1985, instead of during the summer of 1985, as alleged in the bill of information. Defendant argues that reference to the November incident constituted prohibited other crimes evidence and the trial court erred by failing to grant his motion for a mistrial.
The victim testified that his last sexual encounter with defendant was in November of 1985. Defendant immediately objected, urging that the November incident was outside the scope of the bill of information, which identified each of the four counts as having occurred during the summer of 1985. The trial court overruled the objection, after the state contended that it would amend the bill of information to conform with the evidence. Thereafter, defendant moved for a mistrial on the ground of prohibited other crimes evidence. That motion was also denied.
La.C.Cr.P. art. 487 states that the court may cause an indictment to be amended at any time with respect to a defect of form. Article 468 provides that the date or time of the commission of the offense need not be alleged in the indictment, unless it is essential to the offense. The date on which an aggravated crime against nature occurs is not an essential element of the offense. State v. McCoy, 337 So.2d 192 (La.1976). When the date is not essential to an offense, the indictment shall not be held insufficient if it does not state a proper date. La.C.Cr.P. art. 468. The state is not restricted in its evidence to the date set out in the indictment. It is limited in its proof to the facts recited in the bill of particulars. State v. Taylor, 525 So.2d 1118 (La.App. 5th Cir.1988). In the instant case, the motion for a bill of particulars was apparently satisfied by the state opening its file to the defense.
Defendant makes only a generalized allegation of prejudice. The victim in this case was unable to recall exact dates. The state did not withhold the dates and introduce them at trial to defendant's surprise. Rather, the state supplied defendant with all available information concerning the dates. Defendant possessed enough data to identify each criminal offense and defend against it. He does not suggest that the defense strategy would have been altered by earlier notice that one of the counts occurred after the time frame referenced in the bill of information.
Having reviewed the record and finding no prejudice to defendant resulting from the variance, we do not find that the trial court erred in denying defendant's motion for a mistrial.
This assignment of error lacks merit.

ADMISSION OF HEARSAY EVIDENCE

(Assignment of Error Number 3)
Defendant contends that the trial court erred by allowing Peggy Stewart to testify about what the victim's brother related to her concerning the instant offenses.
Peggy Stewart testified that, after the victim was punished for misconduct on her school bus, the victim's brother approached her, requesting that any further misconduct by the victim not be reported to school authorities. Over defendant's hearsay objection, Ms. Stewart related that the victim's older brother sought special consideration for the victim because the victim had told him that defendant made him "suck his penis" when the victim misbehaved.
The victim's brother's out-of-court unsworn statement to Peggy Stewart was offered at trial for the truth of the matter asserted. It was, therefore, clearly hearsay. State v. Yochim, 496 So.2d 596, 598 (La.App. 1st Cir.1986). Hearsay statements are not admissible except as provided by statute or by traditional common law hearsay exceptions. Yochim at 598.
Although the Louisiana courts have long recognized an exception to the hearsay rule allowing admission of early complaints of victims of sexual assaults, the exception is *514 not available to the state in this instance, for the objected to testimony was not related directly by the victim to Ms. Stewart. Compare State v. Middlebrook, 409 So.2d 588 (La.1982); State v. Yochim at 598-601; State v. Hookfin, 476 So.2d 481 (La.App. 1st Cir.1985). Although improperly admitted, it was merely corroborative and cumulative of other properly introduced testimony of the victim and the victim's brother. Accordingly, it is harmless error. La.C.Cr. P. art. 921. Cf. State v. Parker, 425 So.2d 683 (La.1982) (on rehearing); State v. Monroe, 397 So.2d 1258 (La.1981).
This assignment of error lacks merit.

SUFFICIENCY OF EVIDENCE

(Assignment of Error Number 4)
Defendant contends the trial court erred by denying his motion for post-verdict judgment of acquittal because the evidence presented is insufficient to support the convictions. He argues that the victim described only one incident in detail. Therefore, the state failed in its burden of establishing the three culpable verdicts.
The court on appeal will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finder's determination of guilt. The testimony of the victim is sufficient to establish the elements of the offenses. State v. Polkey, 529 So.2d 474 (La.App. 1st Cir.1988).
Aggravated crime against nature includes unnatural carnal copulation when the victim is under the age of seventeen years and the offender is at least three years older than the victim. La.R.S. 14:89.1, subd. A(6). The state established that the victim was nine years old in 1985. Defendant was in his mid-fifties.
Contrary to defendant's allegations, the victim's testimony identified circumstances surrounding three separate instances during which defendant made and/or attempted to make the victim "suck his penis."[1] During the first encounter, the victim was alone in his bedroom, having been punished for some infraction. After the victim refused to accept money, defendant told the victim that he would be whipped if he did not submit to defendant's demand. Thereafter, defendant laid on the victim's brother's bed and pushed the victim's face down, thereby forcing the oral sexual contact. Another time during the summer of 1985, the victim and defendant were standing alone in the bathroom when defendant pushed the victim's face down, again forcing oral sexual contact. Finally, the third incident, identified as occurring in November of 1985, resulted in the victim's rejecting defendant's overture.
The standard for review of the sufficiency of the evidence is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state established the elements of the offense beyond a reasonable doubt. La.C.Cr.P. art. 821; State v. Polkey at 477. The evidence presented by the state is sufficient.
This assignment of error is without merit.

EXCESSIVENESS OF SENTENCE

(Assignment of Error Number 5)
Defendant contends that the sentences imposed are excessive.
Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. State v. Blankenship, 496 So. 2d 636 (La.App. 1st Cir.1986). A sentence is considered grossly disproportionate if one's sense of justice is shocked when comparing the punishment in light of the harm done to society. Blankenship, 496 So.2d at 637.
Absent manifest abuse of discretion by the trial court, a sentence should not be set aside as excessive. State v. Lanclos, 419 So.2d 475 (La.1982). Defendant's sentences are in the middle range of possible sentences and do not appear grossly disproportionate to the offenses committed.
*515 In imposing sentence, the trial court ordered a presentence investigation report, considering mitigating and aggravating factors as they apply to defendant. See La.C.Cr.P. art. 894.1. The trial court emphasized the psychological impact that the crimes were likely to have on the victim, noting the odious and highly repugnant nature of these offenses. It also observed that the victim had in no way induced or facilitated the crimes.
In mitigation is the fact that defendant is a first felony offender in poor physical health. However, the trial court opined that the multiplicity of acts and defendant's total lack of remorse necessitated correctional treatment in a confined environment.
We cannot say that the sentences imposed are excessive under these circumstances. See, e.g., State v. Piazza, 496 So.2d 1229 (La.App. 5th Cir.1986). The record in this case demonstrates that the trial court considered all relevant factors under La.C.Cr.P. art. 894.1 in reaching its sentencing decision. We find no manifest abuse of discretion in the factors considered or in the weight given to those factors.
This assignment of error is meritless.

PATENT ERROR

(Assignment of Error Number 6)
Defendant requests a patent error review of the appellate record. This court automatically reviews the record for patent errors; an assignment of error is unnecessary. See La.C.Cr.P. art. 920. There are no patent errors.
This assignment of error is without merit.

DECREE
For the foregoing reasons, the convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] The lack of evidence supporting a fourth incident apparently accounts for the jury's not guilty verdict on count three.