562 So.2d 1064 (1990)
STATE of Louisiana
v.
Rogelio C. LOPEZ.
No. 89 KA 1014.
Court of Appeal of Louisiana, First Circuit.
May 30, 1990.
*1065 John Walker, Asst. Dist. Atty., Houma, for plaintiff and appellee, State of La.
James Alcock, Houma, for defendant and appellant, Rogelio C. Lopez.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
The defendant, Rogelio C. Lopez, was charged by bill of information with possession of twenty-eight grams or more, but less than two hundred grams, of cocaine, in violation of LSA-R.S. 40:967F(1)(a). He pled not guilty and, after trial by jury, was found guilty as charged. He received a sentence of ten years at hard labor and a fine of $65,000.00. The defendant has appealed, alleging five assignments of error, as follows:
1. The trial court erred in denying the defendant's motion for post-verdict judgment of acquittal.
2. The trial court erred in denying the defendant's motion to suppress physical evidence recovered from his person at the time of his arrest.
3. The trial court erred in denying the defendant's challenge for cause of a prospective juror.
4. The trial court erred in permitting Commander Louis Hyatt to be exempted from sequestration as the State's representative.
5. The trial court erred in admitting into evidence, over defense objection, two oral statements made by the defendant.
Initially, we note that several assignments of error presented serious issues for our consideration. Because we conclude that assignment of error number four clearly has merit, the defendant's conviction and sentence must be reversed. Accordingly, we pretermit consideration of the remaining assignments of error.
Louis Hyatt, Commander of the Terrebonne Parish Narcotics Strike Force, had received information from various sources over a period of several years that the defendant, Rogelio Lopez, was involved in drug trafficking. On the night of September 27, 1988, a confidential informant contacted Commander Hyatt and informed him that, at approximately noon the following day, the defendant would be delivering approximately two ounces of cocaine to a black male named Harvey Hill. The defendant was to deliver the cocaine to Hill at Hill's apartment in Thibodaux, Louisiana.
On the morning of September 28, 1988, Commander Hyatt organized a surveillance of the defendant's trailer in Houma, Louisiana. At approximately noon, the defendant left his residence and proceeded toward Thibodaux. On Louisiana Highway 24 in Gray, Louisiana, the defendant stopped his vehicle, got out, crossed the highway, and picked up a white package on the side of the highway. The defendant then returned to his vehicle and proceeded toward Thibodaux. Shortly thereafter, the defendant's vehicle was stopped at a roadblock located on Louisiana Highway 24 approximately two miles from the parish line. A patdown search of the defendant by Commander Hyatt revealed a clear, plastic bag hidden inside one of the defendant's socks. This plastic bag contained approximately four ounces of a white powder substance, which was later determined to be cocaine.

ASSIGNMENT OF ERROR NUMBER FOUR:
In this assignment of error, the defendant contends that the trial court erred in permitting Commander Louis Hyatt to remain in the courtroom during trial as the State's representative.
*1066 The purpose of sequestration is to assure that a witness will testify as to his own knowledge of the events, to prevent the testimony of one from influencing the testimony of others, and to strengthen the role of cross-examination in developing facts. State v. Marchese, 430 So.2d 1303 (La.App. 1st Cir.1983). The resolution of sequestration problems is within the sound discretion of the trial court. See State v. Nolan, 457 So.2d 1246 (La.App. 1st Cir. 1984), writ denied, 462 So.2d 190 (La.1984). On appeal, the reviewing court will look at the facts of each case to determine whether or not a sequestration violation resulted in prejudice to the accused. State v. Ardoin, 340 So.2d 1362 (La.1976); State v. Nolan, supra.
Louisiana Code of Evidence Article 615[1] provides:
A. As a matter of right; exceptions.
On its own motion the court may, and on request of a party the court shall, order that the witnesses be excluded from the courtroom or from a place where they can see or hear the proceedings, and refrain from discussing the facts of the case with anyone other than counsel in the case. In the interests of justice, the court may exempt any witness from its order of exclusion. However, this Article does not authorize exclusion of:
* * * * * *
(2) A single officer or single employee of a party which is not a natural person designated as its representative or case agent by its attorney; ...
Specifically, the defendant contends it is possible that Commander Hyatt violated the sequestration order by conferring with other State witnesses in order to assure a conviction. However, this contention is mere speculation by the defendant; and there is no evidence from the record that Commander Hyatt engaged in such conduct. The more serious argument advanced by the defendant is that, since the trial court granted the State's request to allow Commander Hyatt to remain at the prosecution table throughout trial, Commander Hyatt should have testified first, as contemplated by Comment (d) to Louisiana Code of Evidence Article 615, especially since the State's case depended almost completely on the credibility of law enforcement witnesses.[2] We agree. In the instant case, Commander Hyatt was the principal witness against defendant, and, as the State's representative, he was permitted to listen to the testimony of some of the other State witnesses before he testified. In fact, Commander Hyatt testified after Trooper Blanchard, a key prosecution witness, who made the initial traffic stop of defendant. Clearly, permitting Commander Hyatt to serve as the representative of the State, without requiring *1067 him to testify first, violated applicable law.
For the above reasons, we conclude that the instant assignment of error has merit. Therefore, the defendant's conviction and sentence are hereby reversed. Accordingly, this case is remanded to the district court for further proceedings consistent with the views expressed herein.
CONVICTION AND SENTENCE REVERSED, CASE REMANDED.
NOTES
[1] Former LSA-C.Cr.P. Art. 764 provided:

A. Upon its own motion the court may, and upon request of the state or the defendant the court shall, order that the witnesses be excluded from the courtroom or from where they can see or hear the proceedings and refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel. The court may modify its order in the interest of justice.
B. This Article shall authorize the exclusion of all witnesses except the defendant and one officer or employee of the state who is designated as its representative for the entire trial by the district attorney. This officer or employee of the state shall refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel.
LSA-C.Cr.P. Art. 764 now provides:
The exclusion of witnesses is governed by Louisiana Code of Evidence Article 615.
[2] Comment (d) to Louisiana Code of Evidence Article 615 provides, in pertinent part:

On the other hand, the exemption of representatives may, if mechanically applied, result in manifest unfairness such as by undermining the right to meaningful cross-examination. Nothing in this Article is intended to deprive the trial court of the power to sequester witnesses in such cases in the interests of justice. See C.Cr.P. Art. 17. Such a potentially prejudicial situation is presented, of course, in criminal cases when a law enforcement officer who is designated as the state's representative is expected also to testify as a fact witness. In such a situation the court should take appropriate measures to minimize the possibility of prejudice, such as permitting the case agent to be designated as the state's representative only if he testifies prior to all other fact witnesses.