621 So.2d 629 (1993)
STATE of Louisiana, Appellee,
v.
Roosevelt GREEN, Appellant.
No. 25045-KA.
Court of Appeal of Louisiana, Second Circuit.
June 23, 1993.
Rehearing Denied August 12, 1993.
*630 Indigent Defender Bd. by Darrell Avery, for appellant.
*631 Richard Ieyoub, Atty. Gen., Walter E. May, Jr., Dist. Atty., James R. Hatch, Asst. Dist. Atty., for appellee.
Before SEXTON, HIGHTOWER and WILLIAMS, JJ.
HIGHTOWER, Judge.
A jury found Roosevelt Green guilty as charged of unauthorized entry of an inhabited dwelling, LSA-R.S. 14:62.3. After considering an investigative report and the sentencing guidelines, the trial court deviated upward from the designated grid by ordering defendant incarcerated for five years at hard labor. He now appeals, relying upon three of his five assignments of error. For the reasons expressed herein, we affirm.

FACTS
During the early morning hours of June 21, 1991, Dorothy Bittle awoke to find a strange man standing in her bedroom. Her screams startled her common-law husband, Jerry James, from his sleep. After the couple repeatedly demanded his departure, the intruder finally exited the house without either harming its occupants or taking anything. James followed the individual outside, inquiring about what the unwelcome guest wanted. Gaining no response, he returned to his home and called the police station to report the crime.
Immediately thereafter, an investigating officer, Deputy Marshal Jackson, arrived and questioned the two complainants, who identified the perpetrator as Roosevelt Green. James further revealed the intruder's probable address. Although not finding Green at home, Jackson soon encountered him on a street corner. After agreeing to accompany the officer, defendant returned to the crime scene where James and Bittle positively identified him as the culprit.

DISCUSSION

Exemption from Sequestration Order
At the outset of trial, defendant moved that all witnesses be placed under the rule of sequestration. Upon request by the prosecution and over defense objection, the court allowed Deputy Jackson, as the state's representative, to remain in the courtroom throughout the proceedings pursuant to LSA-C.E. Art. 615(A)(2). As contemplated by Official Comment (d) to the article, this officer properly testified as the first witness. Cf. State v. Lopez, 562 So.2d 1064 (La.App. 1st Cir.1990).
Yet, on appeal, defendant claims that prejudice resulted when Jackson again testified during rebuttal, after hearing the other witnesses. The record, however, fails to disclose any objection at the time of the deputy's second appearance on the stand. Unless objected to contemporaneously, of course, an irregularity or error cannot be availed of after verdict. LSA-C.Cr.P. Art. 841; State v. Brown, 552 So.2d 612 (La.App. 2d Cir.1989), writ denied, 558 So.2d 581 (La.1990).
Moreover, in examining sequestration violations, the reviewing court considers the facts of each case to determine whether or not prejudice resulted. State v. Ondek, 584 So.2d 282 (La.App. 1st Cir. 1991), writ denied, 586 So.2d 539 (La.1991); Lopez, supra. In the case sub judice, we find defendant to have suffered no material detriment. The purpose of sequestration is to assure that a witness testifies as to his own knowledge, to prevent witnesses from being influenced by the testimony of others, and to strengthen the role of cross-examination in developing facts. Brown, supra; Ondek, supra.
Our review reveals that the limited information elicited from Deputy Jackson on rebuttal did not substantially vary his previous testimony. Instead, his second appearance concerned only the visual identification of the perpetrator by James and Bittle, and reads, in its entirety, as follows:
[PROSECUTOR]:
Q. Officer Jackson, do you recall taking the defendant to the Bittle-James residence on the night of June 21, 1991?
[DEPUTY JACKSON]:
A. I do.

*632 Q. What identification was made of the defendant by Jerry James that night?
A. Jerry James looked at the defendant and said, "That's him right there. That's Roosevelt Green, the one that was in my house."
Q. Alright. Do you recall what identification Dorothy Bittle made at that time?
A. She said, "That's the one. He was the man in my house," and she called him by name, Roosevelt Green, and she also stated the fact that, that's him because he had on a white shirt with gray trousers.
[PROSECUTOR]: I don't have any other questions.
[DEFENSE ATTORNEY]: I don't have any questions.
THE COURT: Alright, you may step down.
During the state's case-in-chief, Deputy Jackson indicated that both complainants designated the culprit as Roosevelt Green, and described him as wearing a white shirt. On rebuttal, only in attributing Bittle with the statement concerning gray slacks did the officer deviate from his previous testimony. This digression, paling in comparison to the positive identifications provided by the victims both in court and at the crime scene, did not prejudice the defense.
This assignment lacks merit.

Sufficiency of the Evidence
Another assignment of error challenges the sufficiency of the evidence to support the conviction. Defendant predicates this argument upon the state's failure to produce any fingerprint evidence and, also, James's alleged lack of credibility.
The criteria for evaluating sufficiency of evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all elements of the crime proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984); State v. Chism, 436 So.2d 464 (La.1983); State v. Lard, 568 So.2d 629 (La.App. 2d Cir.1990). That standard, initially enunciated in Jackson, and now legislatively embodied within LSA-C.Cr.P. Art. 821, is applicable in cases involving both direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La. 1983); State v. Perry, 612 So.2d 986 (La. App. 2d Cir.1993).
Defendant correctly observes that the police officer did not attempt to obtain any fingerprints during his investigation. Deputy Jackson, when questioned on the subject, explained that in his opinion the surfaces of the structure at the point of entry would not have produced fingerprints.
Nevertheless, the conviction finds more than adequate support in the testimony of the victims. According to both James and Bittle, while they slept at home on June 21, 1991, Green entered their residence without invitation. Although the defense discounted James's version of events because he had been drinking earlier on the night in question, the jury apparently disagreed.
Of course, it is the function of the judge or jury to assess credibility and resolve conflicting testimony. State v. Bonnett, 524 So.2d 932 (La.App. 2d Cir.1988), writ denied, 532 So.2d 148 (La.1988). Where the trier of fact has made a rational determination, an appellate court should not disturb it. State v. Mussall, 523 So.2d 1305 (La.1988). Indeed, in the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the fact-trier, is sufficient support for the requisite factual conclusion. State v. Reaves, 569 So.2d 650 (La.App. 2d Cir.1990), writ denied, 576 So.2d 25 (La.1991); State v. Shepherd, 566 So.2d 1127 (La.App. 2d Cir.1990); State v. Emerick, 499 So.2d 195 (La.App. 2d Cir. 1986).
Defendant's position relies in large part upon his own denial and the testimony of his only other witness, the Reverend Larry Crew, who served two congregations as pastor while additionally employed in pipeline and cement work. According to the churchman, James acknowledged in conversation that they, the victims, did not know *633 the identity of the intruder. On the other hand, James denies any such statement. Neither did Bittle, also supposedly a participant in the discussion, overhear anything to that effect.
Certainly, when viewed in the light most favorable to the prosecution, the record permits a rational juror to find beyond a reasonable doubt that defendant entered the Bittle-James dwelling without authorization. Hence, this assignment also lacks merit.

Excessive Sentence
Defendant, in a third assignment of error, contends that his term of imprisonment is excessive. Yet the record does not contain a motion to reconsider sentence, as necessitated by LSA-C.Cr.P. Art. 881.1. That article, applicable thirty days following the effective date of the new sentencing guidelines (January 1, 1992, per Louisiana Register 17:12), precludes "the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." Here, failing to comply with that provision following his sentencing on October 15, 1992, defendant is barred from presenting a claim of excessiveness. See State v. Bush, 604 So.2d 1383 (La.App. 2d Cir.1992).

Abandoned Assignments
In two other assignments of error, defendant initially complained that the trial court improperly admitted both hearsay testimony and a diagram drawn by one of the victims. However, having been neither briefed nor argued, these contentions are considered abandoned. URCA Rule 2-12.4; State v. Schwartz, 354 So.2d 1332 (La. 1978); State v. Kotwitz, 549 So.2d 351 (La. App. 2d Cir.1989), writ denied, 558 So.2d 1123 (La.1990).

Errors Patent
Finally, we have reviewed the record for errors patent. LSA-C.Cr.P. Art. 930.8 provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. Although the record shows that the court did not so inform Green, this apparent oversight has no bearing on whether the sentence is excessive, and thus is not grounds for reversal. LSA-C.Cr.P. Art. 921. Inasmuch as the required notice is designed to apprise the defendant in advance concerning the elapsing of the statutory time limitation, the district court is hereby directed to send appropriate written notice to Green within ten days of the rendition of this opinion and then file, in the record, written proof that defendant received such notice.

CONCLUSION
Accordingly, for the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.

APPLICATION FOR REHEARING
Before MARVIN, SEXTON, LINDSAY, HIGHTOWER and WILLIAMS, JJ.
Rehearing Denied.