hWALTZER, Judge.

STATEMENT OF THE CASE

Anthony Legaux and co-defendant Ronald J. Clayton were charged by bill of information with possession of crack cocaine with intent to distribute, a violation of La.R.S. 40:967 B(l).[1] The trial court denied Le-gaux’s motions to suppress and found probable cause for simple possession of cocaine. At trial, a twelve person jury found Legaux guilty of simple possession of cocaine. The trial court denied motions for new trial, judgment of acquittal and modification of the verdict, found Legaux to be a quadruple offender and sentenced him to serve twenty years at hard labor under the provisions of La.R.S. 15:529.1.
Legaux, through his trial counsel, appeals his conviction and sentence. We affirm.

STATEMENT OF FACTS

On August 17,1993, Legaux called Ronald Clayton and asked to buy $600.00 worth of crack cocaine. Clayton replied that he was running short of cocaine, but would sell Le-gaux what he had. Clayton took two rocks of crack cocaine to Legaux’s'apartment.
In the meantime, Legaux called Clayton’s mother, Myrtle Adams, at work and told her that he was an undercover officer who had just made a purchase of narcotics from her son. Legaux engaged the phone’s speaker, function so that Ms. Adams could hear his conversation with Clayton. Legaux told Ms. Adams that Clayton should cooperate with him and leave the narcotics with him, and he would take Clayton to his mother. Ms. Adams advised her son to cooperate with Legaux and went home to meet Legaux and Clayton.
laAs Legaux and Clayton were leaving Le-gaux’s apartment, Clayton managed to flee.
Meanwhile, Officer John Metcalf and his partner, Officer Trent Cuceia, responded to a call from Legaux reporting an alleged armed robbery. When the officers arrived, Legaux told them that he had just been robbed by two black males, one of whom had a thin build and had been wearing red pants with white stripes. Metcalf and Cuceia, with other units,- were later dispatched to the Gaslight Apartments on information that they might find one of -the perpetrators of the armed robbery there. They met with Ronald Clayton, who fit Legaux’s description of the armed robber.
When confronted by the officers, Clayton seemed surprised that he was suspected of armed robbery. He told the officers that he had been to Legaux’s apartment at Legaux’s request to sell Legaux crack cocaine. Clayton told the officers, and testified at trial, about the call he received from Legaux, the drugs he left with Legaux and the call Le-gaux made to Clayton’s mother.
The officers questioned Ms. Adams, who confirmed Clayton’s story. They took Clayton with them to Legaux’s apartment, still investigating the matter as an armed robbery. When they arrived at Legaux’s apartment, Legaux met them in the corridor. The officers brought Legaux to a police car where they were holding Clayton. Legaux told them that Clayton was not one of the men who robbed him. The officers then asked Clayton if Legaux was the man with whom he had left the cocaine. Clayton replied that he was.
The officers arrested Legaux, read him his rights as an arrestee and obtained his signature on a rights of arrestee form and on a permission to search his apartment. In the rear bedroom, the officers found in plain view atop a coffee table and seized fifteen pieces of crack cocaine, razor blades containing what proved to be cocaine residue, spoons containing residue, other drug paraphernalia, a bag of powder which tested negative for cocaine and a police scanner.
Clayton testified that he left only two pieces of cocaine with the defendant, and none of the other seized evidence. He further testified that he pled guilty as charged and received a suspended sentence with probation without having made any plea bargain with the State.

*322
hREVIEW FOR ERRORS PATENT

We have examined the entire record for errors patent and find none.

FIRST ASSIGNMENT OF ERROR: The trial court erred by denying Legaux’s Motion in Limine and by allowing the state to introduce irrelevant and prejudicial evidence of other crimes allegedly committed by Legaux.

SECOND ASSIGNMENT OF ERROR: The trial court erred in allowing Ms. Adams to testify concerning evidence of other crimes not before the jury. Further, Legaux’s right to confront this witness was prejudiced because cross-examination would have emphasized Ms. Adams’ testimony to the jury.

As a result of his activities on the date of the subject offense, Legaux was charged with filing a false police report and impersonating a police officer. The trial court denied the motion in limine which sought to exclude evidence as to these charges, finding that Legaux’s actions supporting those charges were part of the “res gestae,” and were inseparable from the facts of the cocaine possession charge.
The evidence established that Legaux engaged in a bizarre scheme whereby he telephoned Ms. Adams, pretended to be an undercover narcotics detective and sought her assistance in encouraging Clayton to provide him with crack cocaine. After obtaining the crack cocaine from Clayton, Legaux called the police and accused Clayton of armed robbery. It was during the investigation of the alleged armed robbery that the police uncovered Legaux’s scheme to obtain cocaine from Clayton. The facts relative to those other charges were thus an integral part of the instant case.
The State did not refer to Legaux’s police impersonation and false police report as crimes. The State did not mention that Le-gaux was charged with additional crimes. Accordingly, the trial court was correct in denying the motion in limine and in permitting the testimony of Ms. Adams relative to Legaux’s phone call in which he impersonated an officer and enlisted her aid in getting her son to give him cocaine.
Legaux’s first and second assignments of error are without merit.

\ ¿THIRD ASSIGNMENT OF ERROR: The trial court erred by refusing to grant a mistrial after remarks by the prosecutor referring to a violation of La.R.S. 40:971.1.

Officer John Metcalf testified concerning “bunk,” scales, and a police scanner found in and seized from Legaux’s residence. Legaux argues that this was a reference to a violation of La.R.S. 40:971.1, which is the manufacture, production or distribution of a substance which is falsely represented to be controlled dangerous substance. Defense counsel objected and requested a mistrial.
The trial court objected to the officer’s use of the legal term “bunk,” though he acknowledged the right of the State to present evidence of the powdery substance as part of the res gestae. The State countered that it intended to produce an expert to explain to the jury how the substance could be added to the cocaine to dilute its strength and increase its street value. The trial court denied the mistrial for use of the term “bunk”, but refused to permit the State to produce the expert.
“Bunk” is a slang term for an otherwise legal substance which is falsely represented to be an illegal substance. La.R.S. 40:971.1 does not prohibit possession of “bunk” or even of counterfeit or imitation controlled dangerous substances. Simple possession of a non-narcotic substance is not a crime unless it is possessed in connection with manufacture, production or distribution. No such activities were alleged against Le-gaux. The reference to “bunk” was not a reference to a crime in this case.
Legaux has failed to demonstrate prejudice by these remarks, or that they influenced the jury’s verdict of guilty.
This assignment of error has no merit. FOURTH ASSIGNMENT OF ERROR: The jury verdict was contrary to the law and the evidence and the State did not meet its burden of proof by excluding every reasonable hypothesis of innocence.
The standard for appellate review of the sufficiency of evidence to support a de *323 fendant’s conviction was set forth in State v. Heck, 560 So.2d 611, 614-615 (La.App. 4th Cir.1990), writ den., 566 So.2d 395 (La.1990).
|5In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781 [61 L.Ed.2d 560] (1979); State v. Jacobs, 504 So.2d 817 (La.1987). Where the conviction is based upon circumstantial evidence, R.S. 15:438 provides that such evidence must exclude every reasonable hypothesis of innocence. State v. Langford, 483 So.2d 979 (La.1986). R.S. 15:438 does not establish a stricter standard of review than the more general rational juror’s reasonable doubt formula; it is merely an evidentiary guide for the jury when considering circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985).
Legaux argues that, because the contraband was not found on his person, the State must prove that he had constructive possession, including dominion and control, of the cocaine. Legaux contends that when the officers entered to search his apartment, they encountered a female inside the residence whom they later released. He contends that it is a reasonable hypothesis of innocence that the cocaine belonged to the female. Legaux further argues that the State produced no evidence to prove that he owned or leased the residence where the contraband was discovered.
According to the testimony of the police officers, a female was in the bathroom of the residence when they went inside to search. They found no cocaine in the bathroom and no cocaine on her person. They decided she was not a principal in the matter and permitted her to leave. In Legaux’s complaint relative to the alleged armed robbery, he identified the apartment in which the contraband was seized as his residence. When the officers arrived at the residence, he signed a permission to search the apartment, indicating his relationship to the property.
Clayton admitted having given two rocks of cocaine to Legaux at the apartment; Clayton’s mother overheard the telephone conversation between her son and another man relative to her son leaving cocaine with the other man; Clayton confirmed that Legaux was the other person overheard in that conversation; the rocks of crack cocaine were found on a table in the bedroom next to Legaux’s shoes. The evidence excludes all reasonable doubt that Legaux was in constructive possession of cocaine.
This assignment of error is without merit.

\ (FIFTH ASSIGNMENT OF ERROR: The trial court erred by failing to consider the Louisiana Sentencing Guidelines before imposition of sentence.

Legaux was found guilty of simple possession of cocaine. He was further adjudicated to be a fourth offender under the Habitual Offender Law. The maximum sentence on the Guidelines grid for the offense of simple possession of a schedule II drug is six years’ incarceration. La.S.G. § 403A. The statutory range for a fourth felony offender, where the penalty as a first offender would be less than life imprisonment, is twenty years to life. La.R.S. 15:529.1 A(l)(c)(i). The Guidelines provide that, in those cases in which the minimum enhanced penalty under the Habitual Offender Law exceeds the maximum sentence range specified in the appropriate cell in the sentencing grid, “the court should impose the minimum sentence provided by law unless aggravating circumstances justify imposition of a more severe sentence.” La.S.G. § 309B.
Although the trial court failed to note that he had considered the Guidelines, he imposed the minimum sentence provided by law, as recommended by the Guidelines absent aggravating circumstances. Where, as here, the sentence imposed falls within the range suggested by the Guidelines, the court is not required to set forth additional factors justifying the selection of the particular sentence. La.S.G. § 201C. Because Legaux received the minimum sentence permitted by law under the Habitual Offender Law, which sentence is the sentence recommended by the Guidelines, Legaux was not prejudiced by the trial court’s failure to mention the Guide *324 lines or to specify the reasons for imposition of the sentence.

SIXTH ASSIGNMENT OF ERROR: The trial court erred by imposing a sentence that is constitutionally excessive.

Legaux claims that his sentence is unconstitutionally excessive under State v. Dorthey, 623 So.2d 1276 (La.1993). The trial judge retains the right to determine if a particular punishment mandated by the habitual offender law (La.R.S. 15:529.1) is constitutionally excessive as it pertains to a particular case, and to reduce the sentence to the maximum sentence which would not be constitutionally excessive.
17Legaux was identified by fingerprint as the same individual who pled guilty to the following crimes:
possession of marijuana with intent to distribute in proceeding 320-520; possession of a stolen vehicle valued over $500 in proceeding 356-526; and unauthorized use of a credit card in proceeding 347-899.
The evidence presented at sentencing does not support Legaux’s position. Considering Legaux’s prior criminal record and the facts of the instant offense, as well as the evidence presented by the defense at sentencing, the sentence imposed is not constitutionally excessive.

SEVENTH ASSIGNMENT OF ERROR: The trial court erred by failing to inform Legaux of the time delays for application for post-conviction relief.

This error does not affect the validity of the conviction or the sentence. The State has suggested that this Court follow the procedure taken by other Louisiana circuit courts. See State v. Green, 621 So.2d 629 (La.App. 2d Cir.1993) and State v. McSweeney, 619 So.2d 861 (La.App. 3d Cir.1993). We accept that suggestion, and direct the trial court to send written notice of the prescriptive period for post conviction relief within ten days of rendition of this opinion to Anthony Legaux, and to file in the record of these proceedings written proof that Legaux received this notice.

CONVICTION AFFIRMED. SENTENCE AFFIRMED. THE TRIAL COURT IS DIRECTED TO SEND APPELLANT WRITTEN NOTICE OF THE PRESCRIPTIVE PERIOD FOR POST-CONVICTION RELIEF WITHIN TEN DAYS OF RENDITION OF THE APPELLATE OPINION AND FILE PROOF OF APPELLANT’S RECEIPT OF SAID NOTICE IN THE RECORD OF THESE PROCEEDINGS.

. Prior to appellant’s trial, Clayton pled guilty as charged, was sentenced to five years at hard labor, suspended, and placed on active probation with special conditions.